# ROBINSON'S ADM'RS *vs.* TIPTON'S ADM'R.

### [ASSUMPSIT ON SPECIAL CONTRACT.]

1. *Sufficiency of complaint on contract within statute of frauds.*—In declaring on a contract which the statute of frauds requires should be in writing, it is not necessary to allege in the complaint that it was reduced to writing.

2. *Sufficiency of consideration of contract.*—A promise by the purchaser at sheriff's sale, to the defendant in execution, to resell the lands for the benefit of the latter, in consideration that he would not require the payment of the surplus of the purchaser's bid over the amount due on the execution until such resale could be had, is founded on a sufficient consideration.

3. *Competency of transferror as witness for transferree.*—Section 2290 of the Code, declaring the transferror, in an action on a contract, an incompetent witness for his transferree to prove the cause of action, does not apply to a case in which, on the revivor of the suit in the name of the original plaintiff's administrator, a distributee of the estate, having released his interest to the administrator, is offered as a witness to prove the contract declared on.

4. *Competency of distributee as witness for administrator.*—A distributee may render himself a competent witness for the administrator of the estate, by the execution of a release of all his interest in the estate.

5. *Competency of witness as affected by declarations of interest.*—The declaration of the plaintiff, made after the commencement of the suit, in reply to a proposition of compromise, " that whatever was coming out of the suit belonged to his son, and that he could make no agreement about it without seeing his son," is not sufficient to render the son an incompetent witness for the plaintiff's administrator, in whose name the action had been revived, when it is shown that he has released to the administrator all his interest in the suit.

6. *Construction of order on sheriff for payment of money.*—A written order by the defendant in execution, directing the sheriff to pay to his son whatever surplus of the proceeds of the sale of his land might remain after paying all executions against him ; not expressing any consideration, nor shown to have been given on valuable consideration,—is a mere authority to the son to receive the money, and not a transfer or assignment of it to him.

7. *General objection to evidence.*—A general objection to evidence, of which a part is legal, may be overruled entirely.

8. *Proof of sale of land.*—A witness may testify to the fact, " that the said W. R. *sold* him the said land for $2,000," without producing the written evidence of the sale, or accounting for its absence.

9. *Waiver of objection to revivor of suit.*—When an administrator *de bonis non* is appointed during the pendency of a suit, which was brought originally by the intestate in his life-time, and afterwards revived in the name of his administrator in chief ; if the defendant makes no objection in the primary court to the right of the administrator in chief to proceed to judgment, he cannot raise the objection on error.

10. *Practice in appellate court.*—In civil cases, the practice of the appellate court is, to decide only the points presented by those assignments of error on which counsel insist in argument.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. THOMAS A. WALKER.

THIS action was brought by Samuel Tipton, against the administrators of William Robinson, deceased; was commenced on the 26th April, 1853; was revived, on the death of the plaintiff, in the name of George W. Carmichael, as his administrator; and was founded on a special contract between plaintiff and defendants' intestate, made in August, 1839, which is thus stated in the first count of the amended complaint: "On the 20th February, 1839, one Andrew J. Rice recovered a judgment against Samuel Tipton and others, in the county court of Madison, for the sum of $455 debt, $23 42 damages, and $19 22 costs of suit; on which judgment an execution was issued, which was levied by the sheriff on a tract of land belonging to plaintiff; which lands were sold by said sheriff on the —— day of August, 1839, to satisfy said execution; at which sale defendants' intestate, William Robinson, became the purchaser, for the sum of $1700; and.said Robinson then and there agreed with plaintiff, that if plaintiff could not require him (said Robinson) then to pay plaintiff the sum of $1150, the excess of said sum of $1700 remaining after satisfying said execution, until he (said Robinson) could resell said lands, then he (said Robinson) would make a resale of said lands, and, after reimbursing himself the amount paid out in satisfaction of said execution, with the interest thereon, would pay plaintiff the residue of whatever sum said lands might bring at the resale." The lands were resold by Robinson, on the 6th October, 1848, for $2,000; and this action was brought to recover the balance due to plaintiff on the resale under said contract.

The first count in the amended complaint set out the contract, as above stated, and then averred the resale of the lands, and Robinson's failure and refusal to pay plaintiff the sum of $1200, "the amount remaining after reimbursing him the full amount paid out in satisfaction of said execution, with the interest thereon." The second count claimed the sum of $1200, with interest thereon

from the 4th August, 1839, as the excess of the defendants' intestate's bid at the sheriff's sale over and above the amount due on the execution. The third count was, in substance, the same as the first, except that it claimed the rents and profits of the lands received by the defendant up to the time of the resale; and the fourth count was in the common form for money had and received by said Robinson, on the 6th October, 1848, to and for the plaintiff's use. The defendants demurred to the first and third counts, on the grounds, 1st, "that the cause of action therein set out is obnoxious to the statute of frauds;" and, 2d, "that said promise is not averred to have been in writing, or upon any consideration." The court overruled the demurrer, and the defendants then pleaded, ".the general issue, payment and set-off, in short by consent, with leave to give in evidence any special matter of defense;" and on these pleas issue was joined.

On the trial, as appears from the bill of exceptions, the plaintiff offered to read in evidence the deposition of Shadrach S. Tipton, who was a son of Samuel Tipton, the original plaintiff. The defendants objected to the admission of the deposition, on the ground that the witness was incompetent from interest, and, in support of their objection, introduced Fleming Jordan as a witness, who testified, "that said Samuel Tipton died in 1854, and that said Shadrach was one of his children; that he had an interview with Samuel Tipton, some time after the institution of this suit, at the request of the defendants, to see if he (Tipton) would not compromise the suit; and that said Samuel replied, 'that whatever was coming out of the suit belonged to his son Shadrach, who was in Mississippi, and that he could make no agreement about it without seeing said Shadrach.' To remove this objection to the deposition, the plaintiff then read, after proof of its execution, a release from said Shadrach Tipton to *David S. Nowlin,* as administrator *de bonis non* of said Samuel Tipton, of all his distributive interest in his father's estate; which release was dated the 19th January, 1856. The defendants then read, after proving its execution, another

release by said Shadrach, dated the 27th January, 1855, which recited a consideration of one hundred dollars, and the material portion of which was as follows : "I do hereby, for myself," &c., "release and forever discharge George Carmichael, the administrator, or any other administrator that may be hereafter appointed, of the estate of said Samuel Tipton, of all and singular of my distributive share in said estate, and also from all debts, demands, actions, or causes of action, which I now have, or which may result from the existing state of things, both in law or equity; also, his heirs, administrators and executors, from any liability to me, in any manner whatever; and as to my distributive share of said estate, I hereby, for myself, my heirs and assigns, relinquish to my brothers and sisters, and their heirs, forever, to receive, have, and hold the same." The defendants "thereupon urged the exclusion of said deposition, on the ground that the execution of this paper by the witness operated as a transfer of his interest as distributee, and rendered him incompetent under section 2290 of the Code; also, on the ground that he had an interest, other than as distributee, which was not released at all." The court overruled the objections, and admitted the deposition; to which the defendants excepted.

The defendants afterwards proved "that Samuel Tipton had repeatedly said, that he had gotten nothing for his land—that his son Shadrach had got the money, or that it had gone to pay Shadrach's debts;" and also offered in evidence, after proof of its execution, an order from Samuel Tipton to C. D. Kavanaugh, sheriff of Madison county, dated and executed on the 4th August, 1839, in these words : "Sir—You will please apply the proceeds of the sale of my lands to the payment of all the executions against me, as well those from justices of the peace, as those from courts of record; and if any balance shall remain after paying them, please pay it to my son Shadrach." This order was drawn in the presence of Benjamin S. Tipton, was accepted by said Kavanaugh, and was endorsed by said Shadrach to William Robinson, who took possession of it; "but there was no proof of what

else passed when it was drawn, except that said Benjamin S. Tipton saw no money pass from said Robinson to Shadrach or any one else, and that all this occurred the day after the sale." After the introduction of this evidence, the defendants again moved the court to exclude from the jury the deposition of said Shadrach Tipton, on the ground of incompetency from interest; but the court overruled their objection, and they excepted.

The defendants also objected "to the competency and admissibility" of this witness' answer to the 6th interrogatory; but the objection was overruled, and they excepted. This answer was as follows: "William Robinson came to me, in the town of Lowesville, now Maysville, in June or July, 1839, and inquired what arrangement my father had made to pay off the execution in favor of A. G. Rice. My reply was, that he had made none, and that I expected the land would have to be sold. Robinson then made the following proposition to me: That if my father could not raise the money to pay off said execution, he would bid off the land, when sold, and pay off the execution, and would charge my father eight per cent. for the use of his money till it should be paid; and he further agreed to rent out the land, and to allow my father all the benefit from the same, after paying himself, or sell the land, allowing my father or myself the privilege to sell it. I advised my father to accept said proposition; which he did. He repeated the same to my father a few days afterwards, in my presence. It was distinctly understood between them, that my father was to have the entire benefit of the rent and sale of said land, after paying the advance above spoken of."

The plaintiff introduced one Robert Freeman as a witness, "and offered to prove by him that, in 1848, said William Robinson sold him the said lands, for $2,000, in two payments; one half of which he paid, and the other half he made arrangements with J. C. Bradley to pay after the death of said Robinson." The defendants "objected to the witness proving his purchase of said lands by parol, when there was higher and better evidence of it;

but the court overruled the objection, and the evidence went to the jury."

The defendants asked the court to instruct the jury, "that if they believed the order in evidence, with the endorsement thereon, to be genuine, then the right to the money under the special contract, if there was a special contract, was transferred to Shadrach Tipton, and the possession of the order by William Robinson is *prima-facie* evidence that he settled with Shadrach Tipton." The court gave this charge, but added, " that this *prima-facie* evidence that Robinson had paid and settled the order is susceptible of being rebutted and explained; that the jury must look to all the proof in the case, and if they are satisfied from the proof that Robinson had not paid the overplus to Shadrach Tipton, then the order was no defense." To this qualification of the charge the defendants excepted.

The defendants afterwards moved in arrest of judgment, on the ground that the presiding judge had no power to hold that term of the court; which motion was overruled.

The assignments of error embrace all the rulings of the court above stated; and there is an additional assignment, " that the court erred in rendering the judgment in favor of Carmichael, as administrator, when the record shows that Nowlin had become the administrator."

RoBINSON & JONES, for appellants, made these points:

I. The first and third counts of the amended complaint were obnoxious to each of the objections specified in the demurrer.

1. Each of these counts asserts that Robinson bought the land at execution sale, and afterwards contracted to resell it, and to pay the proceeds to Tipton after reimbursing himself. No stipulation between Robinson and Tipton before the sale is alleged. The land became Robinson's by his purchase at the execution sale; and the agreement to resell, not being in writing, was void under the statute of frauds.—Lathrop v. Hoyt, 7 Barb. 59; Riddle v. Brown, 20 Ala. 412; Van Alstine v. Wimple,

5 Cowen, 162; Hall v. Shultz, 4 Johns. 240; Sherrill v. Crosby, 14 Johns. 358; 2 Rich. Eq. 16. Whatever may have been the rule of law, prior to the adoption of the Code, as to the necessity of averring in the declaration that the contract was reduced to writing, such an averment is now made necessary, by the statutory provisions (Code, §§ 2227–30) on the subject of pleading.

2. The contract set out in each count, but more particularly that averred in the third count, is void for want of a sufficient consideration. The execution sale was made in 1839, before the passage of the statute allowing redemption in such cases. By the sale, Tipton's rights in the land ceased *in toto*, and the land became Robinson's absolutely; and Robinson or the sheriff owed Tipton only a sum of money. The stipulations in regard to the resale, then, are to be viewed as if they were made in reference to any other piece of Robinson's lands, and are purely voluntary.—Van Alstine v. Wimple, 5 Cowen, 162. The agreement that Robinson should not be required to pay the balance of his bid at the sheriff's sale, until the land was resold, is no legal consideration, not being obligatory on either party. Tipton ran no risk of losing by such an arrangement, nor could Robinson have gained anything. The land was to be resold at a profit: on no other principle could a resale be desired. No time was fixed for Robinson to sell; nor could he sell for less, at Tipton's risk. Tipton was to have, at all events, the amount of the excess at the first sale, with interest. All above that was a gratuitous promise by Robinson, and cannot be recovered. Tipton could not have forced Robinson to sell, nor could Robinson have forced him to defer a suit for the money actually due. As to gratuitous promises, see the following cases: Duncan v. Hall, 9 Ala. 129; Files v. McLeod, 14 Ala. 611; Leverich & Co. v. Bates, 6 Ala. 480; Barron v. Vandvert, 13 Ala. 232; Pearson & Fant v. Thompson, 15 Ala. 700; Forward v. Armistead, 12 Ala. 124; Sawyer v. Hill, 12 Ala. 575; McCaleb v. Price, 12 Ala. 753; Kirksey v. Kirksey, 8 Ala. 131.

II. The deposition of Shadrach S. Tipton ought to have

39

been excluded on account of his incompetency from interest.

1. Being a distributee of the estate of Samuel Tipton, a judgment in favor of the administrator would be evidence for him on the settlement of the administration; consequently, he is rendered incompetent by section 2302 of the Code. Moreover, the proof by Jordan, "that whatever was coming out of the suit" belonged to the witness, would enable him to recover from the plaintiff whatever amount might be recovered in this suit; and the judgment would be evidence for him, to establish the amount of the recovery.—Code, § 2302; 8 Mass. 487; 1 Stark. Ev. 125. In the third place, the order drawn by Samuel Tipton on the sheriff, in favor of the witness, was an additional proof of his interest.

2. The competency of the witness was not restored by the release to Nowlin, on which the plaintiff relied. The suit was in the name of Carmichael, as administrator; and there is nothing in the record, outside of this release, to show that Carmichael had ceased to be administrator, or that Nowlin had been appointed. The release is the act of the witness himself: its introduction by the plaintiff might bind him, but could not bind the defendants in this suit. The witness, being shown to be *prima facie* incompetent by independent testimony, could not restore his competency by his own evidence.—27 Ala. 217. The release, moreover, affects only his interest as a distributee of his father's estate; leaving him still incompetent on account of his individual interest, as proved by Jordan.

3. The interest of this witness, whether of one character or the other, could not be released, either under the Code, or under the previous law. The claim in suit is a chose in action.—Magee v. Toland, 8 Porter, 36; Goodwin v. Lloyd, 8 Porter, 237. Samuel Tipton could not have transferred it, and made himself a competent witness for his transferree.—8 Ala. 846; 15 Ala. 618. Section 2290 of the Code would render him an incompetent witness for his transferree, whether the transfer was made before or after suit brought. The death of Samuel Tipton did not change the character of the action, but his interest therein

then became the property of his children. Succeeding to his rights, the children can do nothing which he could not have done; nor can each one, acting separately for himself, do what all conjointly cannot. All, acting together, could not transfer their entire interest to another, and become competent witnesses for their transferree; nor can any one of them, transferring his separate interest, render himself competent to testify for his transferree. Whether the instrument be regarded as a release, or as a transfer, its effect is the same—transferring to another the interest which was in the witness; and is equally within the spirit and meaning of the statute.—11 Ala. 249; 8 Porter, 232; 7 Ala. 553; 10 Ala. 901. Nor can it make any difference in the application of the principle, that the instrument transferred the entire interest of the witness in his father's estate: his interest in the claim in suit must necessarily have passed by it. Nor would the case be altered, if it were conceded that the release was to the administrator individually, for it would still be a transfer of an interest in this chose in action: it would be vesting in him a beneficial interest which he did not before possess, and the witness would be testifying in support of that interest.

4. An interest of this kind cannot be released, except to the defendants. A release operates by way of discharging the releasee from some liability resting on him, or from accountability for something in his possession.—2 Bouv. Law Dic. 338. The witness, then, could not release to his co-distributees, who were under no accountability to him, and had nothing in their possession in which he had an interest; nor could he release the administrator, who was not liable for this debt, and would not be if it were never recovered. Where an administrator is the party defendant, a distributee may, possibly, release to him, and render himself a competent witness; but, where the administrator is the actor, and the suit is on a contract, the distributee cannot, by release, make himself a competent witness to support the interest transferred by him. All the decisions of this court are reconcilable with this principle, with the single exception of Herndon v. Givens,

19 Ala. 313, which, it is submitted, is wrong on principle, and not applicable as an authority under the Code.

5. Whatever may be the construction and effect of this instrument, the instrument executed by the witness one year before, transferring to his brothers and sisters, for valuable consideration, all his distributive interest in the estate, which is unquestionably a *transfer*, rendered him incompetent under the Code; and strictly within the principles laid down in the following cases: Maury v. Mason, 8 Porter, 232; Williams v. Temple, 6 Ala. 656; Powell v. Powell, 7 Ala. 584; S. C., 10 Ala. 901; Locke v. Noland, 11 Ala. 249; Scales v. Desha, Sheppard & Co., 16 Ala. 311.

III. The answer of this witness to the 6th interrogatory ought to have been excluded; because, 1st, the contract detailed was materially variant from that declared on; and, 2dly, because the contract detailed was obnoxious to the statute of frauds.

IV. The evidence of Freeman, to which objection was made, ought not to have been received. Parol proof was only admissible after the absence of the deed was properly accounted for.—Hussey v. Roquemore, 27 Ala. 281; 1 Greenl. Ev. § 86.

V. The charge given by the court, in qualification of the charge asked, is indefensible as a legal proposition; and, as applicable to the facts, was highly injurious to the defendants. The plaintiff's demand comprised three items, though all blended in one: 1st, the $1150, overplus at the sheriff's sale; 2d, the profits made by the resale; and, 3d, the rents accruing between the two sales. The charge of the court asserted, in effect, that the drawing, endorsing and accepting of Tipton's order on Kavanaugh, without its payment, was no defense against either one of these separate demands. By the drawing and accepting of the order, the right to the money was transferred out of Samuel Tipton.—Story on Bills, § 13; 21 Ala. 167; 27 Ala. 399. His administrator, then, could not recover it, though no consideration ever passed from Robinson to Shadrach Tipton. If the transaction was fair, the plaintiff was bound by it; if not, the courts will not aid him. The

court withdrew these considerations from the jury, and made the effect of the order as a defense depend solely on the payment of it by Robinson.

WALKER, CABANISS & BRICKELL, *contra.*—1. The demurrer to the complaint was not well taken, on either one of the specified grounds. Conceding that the contract declared on was within the statute of frauds, it was not necessary to aver in the complaint that it was reduced to writing.—1 Chitty's Pleadings, 221, 303; 6 Ala. 694; 8 Ala. 312; 9 Ala. 270; 10 Ala. 244; 4 Greenl. 1. The sufficiency of the consideration, which consisted in the postponement of the day of payment for the surplus of the purchaser's bid above the amount due on the execution, is unquestionable; being both a benefit to Robinson, and an injury to Tipton.

2. Shadrach Tipton was a competent witness for the plaintiff. The release of his interest as a distributee made him a competent witness for the administrator, so far as that interest was concerned.—Herndon v. Givens, 19 Ala. 317; Hall v. Alexander, 9 Ala. 219; Scales v. Desha, Sheppard & Co., 16 Ala. 308. The plaintiff's declaration, as proved by Jordan, that "whatever was coming out of the suit belonged" to the witness, was not sufficient to establish a disqualifying interest in him. Williams v. Thorp, 8 Cowen, 501; Densler v. Edwards, 5 Ala. 31; Sibley v. Lumbert, 30 Maine, 253; Cole v. Cole, 33 Maine, 542; Ten Eyck v. Bell, 5 Wendell, 57. If, however, the witness had a disqualifying interest at common law, he was nevertheless competent under section 2302 of the Code; for the record of the judgment in the case would not be competent evidence for or against him in another suit, to establish any other fact than its own rendition, of which it would be competent evidence against all the world. Considering the release executed by the witness as a transfer, it would not render him incompetent under section 2290 of the Code; because the plaintiff does not claim as his transferree, nor seek to enforce a contract originally made with him. The instrument, however, is not a transfer, but a release; con-

sequently, section 2290 of the Code does not apply to the case.

3. The objection to the answer of this witness to the 6th interrogatory was properly overruled. The contract proved by him was not obnoxious to the statute of frauds. Hess v. Fox, 10 Wendell, 437; Musick v. Richardson, 6 Mo. 171; Hall v. Hall, 8 N. H. 129 ; Massey v. Holland, 3 Iredell, 197. If the contract were within the statute, plaintiff could nevertheless recover the excess of the purchaser's bid at the sale, after satisfying the execution; and proof of the contract was admissible, not with a view to its enforcement, but to establish a state of facts from which the law would imply a promise to pay that excess. King v. Brown, 2 Hill's (N. Y.) R. 486; Myer v. Fisher, 15 Johns. 503 ; Gray v. Hill, 21 E. C. L. 479; 15 ib. 39; 5 N. H. 130; 3 Wendell, 219. The question of variance cannot be raised under a general objection. If a specific objection had been raised on that ground, it might have been remedied.—6 Barb. 330 ; 1 N. J. 562; 2 Hill, (N. Y.) 603.

4. The objection to Freeman's evidence was untenable. The record does not show the existence of any other evidence of the facts to which he testified; and if a deed had been shown to exist, the parol evidence would have been admissible.—4 Phil. Ev. (C. & H.'s Notes,) 399.

5. The order given in evidence was not urged as a bar or defense to the suit, except as evidence of the payment of the demand. The court charged the jury, at the request of the defendants, that the possession of the order by Robinson was presumptive evidence that he had paid it; and the qualification added to the charge only explained the meaning of presumptive evidence. The order did not constitute a defense to the action : it was but an authority to the sheriff to pay the money to Shadrach, and not an assignment or transfer of the money to the latter; and full effect was given to it by the charge.

6. The mistake of the clerk, in stating Carmichael as plaintiff, instead of Nowlin, in the margin of the judgment entry, is amendable by other parts of the record.—Patterson v. Burnett, 6 Ala. 844.

RICE, C. J.—We shall not notice the complaint originally filed, because, without any decision as to its sufficiency, an amended complaint was filed, upon which the action of the court below here complained of was had.

The demurrer to the first and third counts of the amended complaint was overruled. By section 2253 of the Code, no objection can be taken or allowed, which is not distinctly stated in the demurrer. The only objections specified in the demurrer are, 1st, that the cause of action set out in these counts is obnoxious to the statute of frauds; and, 2d, that "said promise is not averred to have been in writing, or upon any consideration."

It is settled, that, although it may be necessary to prove an agreement which is declared on to have been in writing, it is not necessary to allege in the complaint that it was in writing. If the agreement be one which the statute of frauds requires to be in writing, the court will not assume it to be verbal, merely because the complaint does not expressly state it to be in writing.—Blick v. Briggs, 6 Ala. R. 687.

2. From the counts demurred to it appears, that certain land of the original plaintiff in this action (Samuel Tipton) was sold in 1839 at sheriff's sale; that the defendants' intestate (William Robinson) was the purchaser at that sale; and that the amount of his bid was greater than the execution claims. The surplus which remained after the payment of the execution claims was clearly the property of the said Samuel Tipton, whether it was in the hands of the sheriff, or in the hands of the purchaser. Baylor v. Scott, 2 Porter's Rep. 315. The said Samuel had the right to relieve the purchaser from the payment of this surplus to the sheriff. Unless he did relieve him, the purchaser was legally liable for the payment of the whole amount of his bid, including this surplus, *without any delay*. If he did relieve him from the immediate payment of this surplus, and agreed to take his chance for compensation in another way, and upon the occurrence of a subsequent event, (to-wit, the re-sale of the land,) as alleged and set forth in the counts demurred to; and, in consideration thereof, the defendants' intestate (the

purchaser) made the promise as alleged in those counts, it is beyond all doubt, that the consideration for the promise is sufficient.—The suspension or forbearance of a man's legal or equitable rights forms a foundation for an undertaking.—Addison on Con. (edition of 1857,) 20, 21, and notes.

These views bring us to the conclusion, that the objections specified in the demurrer to the first and third counts are not fatal to those counts; and that, therefore, there was no error in overruling the demurrer.

3. The original plaintiff having died, intestate, after the commencement of this suit, and the suit having been revived in favor of his administrator, the question was raised on the trial, whether Shadrach Tipton, a son of said Samuel, and a distributee of his estate, was a competent witness for the administrator. It is contended, that he is incompetent, not only because he is a distributee, but also because he is otherwise interested in the event of this suit, and because he belongs to the class of witnesses excluded by section 2290 of the Code, which provides, that when a suit is brought by *the transferree of any contract, express or implied,* "the transferror, or party with whom the contract was *originally* made, is not a competent witness for the plaintiff, to prove *the cause of action,*" &c.

To a correct decision of this question of competency, a correct understanding of the complaint is essential. The second count is framed to recover *the surplus* of the amount at which the defendants' intestate became the purchaser of the land of the said Samuel Tipton at the sheriff's sale; the first and third counts are framed to recover *the surplus* of the proceeds of the re-sale of the land by the defendants' intestate, which remained after reimbursing him what he had paid for it; and the only other count (the fourth) is for money had and received by the defendants' intestate, to and for the use of the said Samuel. It does not appear from the complaint, nor from the evidence in the record, that the present suit was brought by the said Samuel Tipton as "the transferree of any contract, express or implied," "*originally* made" with the said Shadrach Tipton; nor that any such contract, or

the transfer of any such contract, by the said Shadrach to the said Samuel, was alleged, proved, or urged as a ground of recovery, or "cause of action," in favor of the plaintiff. We hold, therefore, that section 2290 of the Code has no application to the question of the competency of said Shadrach, and cannot authorize his exclusion.

4. He is not presented by this record in the attitude of the transferror of a *chose in action*, offered by the transferree to establish by his own testimony the title, cause of action, or demand which he had transferred. If he had been presented in such attitude, his incompetency would be manifest, and could not be removed by a release, under the rule recognized in Houston v. Pruitt, 8 Ala. R. 846; Powell v. Powell, 10 *ib.* 900; Locke v. Noland, 11 *ib.* 249. But the reason upon which that rule rests is, that to permit the transferror of a chose in action to establish the debt by his own testimony, in a suit for its recovery by the transferree, "would be to introduce the evils of champerty and maintenance."—Houston v. Pruitt, *supra;* Bell v. Smith, 5 Bar. & Cress. 188. That reason does not exist in the case now under consideration; and the rule, therefore, does not apply. Here, the suit was brought by the intestate in his lifetime; the title, or cause of action, is not created by, nor derived from, the distributee who is offered as a witness; but exists independently of any transfer which he, as a mere distributee, may make, and accrued to the intestate in his lifetime, by virtue of a contract made with the defendants' intestate, and passed by operation of law to the present plaintiff, who is prosecuting the suit in his capacity of administrator. The distributee has executed two releases since the death of the original plaintiff, and by them has effectually parted with and removed all interest which he ever had or ever can have as a distributee. After the execution of these releases, he is offered as a witness for the administrator of his father; but is not offered to prove any title, cause of action, or demand, derived from him by transfer or otherwise. To admit him to testify under such circumstances, and in such a case, will not be to introduce any of the

evils of champerty or maintenance; and although the degree of credit to which he is entitled may be a debatable question, we are satisfied that the releases executed by him removed all objection to his competency, founded on the fact that he was a distributee.—Scales v. Desha, 16 Ala. R. 308; Herndon v. Givens, 19 Ala. R. 313.

5. We now direct our attention to the objection founded on the declaration of said Samuel Tipton to Jordan, made after this suit was commenced, "that whatever was coming out of the suit belonged to his son Shadrach S. Tipton, who was in Mississippi, and that he could make no arrangement without seeing him." It is a settled rule, that the competency of a witness is always presumed, until the contrary is proved.—Densler v. Edwards, 5 Ala. R. 31. When such a declaration as the one above stated is relied on to prove incompetency, it is not to be taken most strongly against the party making it; but, if with equal reason it admits of two constructions, one of which renders the witness incompetent, and the other does not, the latter ought to be adopted. Looking to the circumstances under which the declaration was made, we think as reasonable a construction as can be placed on it, is, that the father meant by it that he had promised to pay to his son whatever he might recover and receive in the suit; and therefore regarded "whatever was coming out" of it as belonging to his son. Suppose the father had made such promise, it would have conferred on the son the right to claim the proceeds of the suit from the father, or his personal representative, when received by one of them. But from such a demand or cause of action, as well as from all other "debts, demands, actions, or causes of action," which the son had on the 27th January, 1855, or which might "result from" the state of things then existing, the then administrator of the father, and every after appointed administrator, was released and discharged by the release executed by the son on the 27th January, 1855. That release removes the objection to the competency of the son, founded on the declaration made by the father to Jordan.

6. The next matter for consideration is, the order by

which the father directs the sheriff to pay to his son, Shadrach, the balance of the proceeds of the sale of the land of the father by the sheriff, which might remain after paying all the executions against him. That order contains no words of transfer or assignment, and does not purport to be given, and is not shown to be given, for any valuable consideration. "The word *pay*, in the order, though generally a word of transfer, was not used in that sense." The circumstances, that it was drawn on the sheriff, as sheriff, and for no certain sum, but for an unknown and unascertained balance of the proceeds of a sale by the sheriff; and that it was drawn by a father, and contains words which naturally import a mere direction to the officer to pay to the son, and a mere authority to the son to receive from the officer,—concur to show that the order is rather an authority to pay, than a transfer, or an assignment.—Carrique v. Sidebottom, 3 Metc. R. 297; Clayton v. Fawcett, 2 Leigh's R. 19. *The order*, therefore, does not show any interest in the said Shadrach; and if unpaid, was "no defense." There was no error in overruling the objection to the competency of said Shadrach, nor in the charge of the court excepted to by defendant.

7. That part of the answer of said Shadrach, which was objected to by the defendant, embraces some legal evidence—to-wit, the declarations of the defendants' intestate in relation to the material matter in controversy in this suit. It is impossible to say that those declarations shed no light on the matters in issue, and that they are irrelevant.—Rutherford v. McIver, 21 Ala. R. 750. As the objection embraced some legal evidence, there was no error in overruling it.—McCargo v. Crutcher, 27 Ala. 171.

8. There was no error in refusing to exclude the statement by the witness Freeman, of *the fact* that "the said William Robinson sold him the said land for two thousand dollars." Whether that statement was *sufficient* evidence of the sale, is not the question raised. Whether it was sufficient or not, it was *admissible;* and that is all that the court decided in relation to it.—4 Phil. Ev. (C. & H.'s Notes,) 399.

9. No question was raised in the court below as to the

right of the administrator in chief of Samuel Tipton to prosecute the suit to final judgment, notwithstanding an administrator *de bonis non* had been appointed after the administrator in chief had become a party plaintiff to the suit. If the question had been raised in the court below, and had been decided against the right of the adminis- trator in chief to have the judgment rendered in his favor, the matter might have been arranged without prejudice to any one, by making the administrator *de bonis non* the party plaintiff.—Code, § 1925. By not raising the ques- tion below, the defendant has lost his right to make it here.

10. The overruling of the motion in arrest of judgment, is assigned for error, but is not insisted on in the argu- ment for the appellant. We therefore do not feel bound, under our practice, to express any opinion on it. But if it were insisted on, the only ground upon which the mo- tion was placed, seems to be covered by the case of Spradling v. The State, 17 Ala. R. 440.

The judgment of the court below is affirmed.