## COATE vs. COATE'S ADM'R.

[TROVER FOR CONVERSION OF SLAVES.]

1. *Competency of transferror as witness for transferree.*—A distributee of an estate, who is shown to have released to the other distributees his interest in the subject-matter of a suit brought by the administrator in his representative character, is not incompetent as a witness for the plaintiff under section 2290 of the Code.

2. *Competency of distributee as witness for administrator.*—But such distributee, notwithstanding such release, is not a competent witness

for the administrator, on the ground of interest, although he might be rendered competent by a release of his entire interest in the estate.

3. *Competency of witness as affected by interest.*—An obligor in a bond given under section 1691 of the Code, when administration is committed to the general administrator, the sheriff, or the coroner, conditioned for the payment of the fees and allowances made by the court on such administration, "if the property of the estate is insufficient therefor," is not, under section 2302 of the Code, incompetent as a witness for such administrator, in an action brought by him in his representative character.

APPEAL from the Circuit Court of Clark.
Tried before the Hon. JOHN K. HENRY.

THIS action was brought by E. P. Chapman, as the administrator of William F. Coate, deceased, against Burr J. Coate, to recover damages for the conversion of several slaves. The defendant pleaded not guilty, and the statute of limitations of six years, with leave to give any special matter in evidence. "On the trial," as the bill of exceptions states, "the plaintiff introduced one Andrew J. Coate as a witness; to whose competency the defendant objected, on the ground that he was interested in the event of this suit, and that the record in this suit would be evidence for him in another suit; and proved to the court, that plaintiff's intestate died, leaving no children, and that said witness was his brother, and one of the distributees of his estate. The plaintiff then offered an instrument of writing, which was proved to have been executed and delivered by said witness, dated the 24th September, 1860; by which he released and conveyed to Mary E. Toland and John S. Coate all his right and title, both at law and equity, in and to the slaves which are the subject of this suit, and their hire; and proved to the court, that said Mary E. Toland and John S. Coate were, besides said witness, the only distributees of said estate. The defendant still objected to the competency of said witness, on the ground above stated, and because said instrument was but a transfer of said witness' interest in the subject-matter of the suit. The court overruled both of said objections, and permitted

said witness to testify for the plaintiff; and the defendant excepted. The defendant further objected to the competency of said witness, on the ground that he was one of the makers of a bond, indemnifying said plaintiff, as the administrator of said estate, against any fees and allowances for which he might be liable beyond the assets of said estate ; and read said bond in evidence, after proving its execution. The court overruled this objection, and the defendant excepted." The condition of said bond, after reciting that letters of administration on the estate of said intestate had been granted, on the application of said John S. Coate, to E. P. Chapman, the sheriff of the county, was, that "if said John S. Coate shall well and truly pay, or cause to be paid, such fees and allowances as may be made by said court on such administration, if the property of the estate if insufficient therefor, then this obligation to be void," &c. The overruling of the several objections to the competency of the witness, and permitting him to testify, are the only matters assigned as error.

DICKINSON & KILPATRICK, for appellant.
WILLIAM BOYLES, contra.

A. J. WALKER, C. J.—The objection that Andrew J. Coate was incompetent, because he was a transferror, offered as a witness to establish a right transferred by him, is not to be decided upon the decisions of this court made before the adoption of the Code. The subject is covered by the Code, and the question must be determined by reference to section 2290 of the Code, and the construction of it which has been adopted. The precise objection which we are considering, was made and overruled in the case of *Robinson v. Tipton*, (31 Ala. 595,) and by that decision we are willing to abide.

[2.] This court is committed to the proposition, that the distributee is incompetent as a witness for the administrator, on the ground of interest.—*Walker v. Walker*, 34 Ala. 469.; *McLemore v. Nuckolls*, at the present term. The

witness in this case was incompetent, unless his incompetency was removed. To restore the competency of the witness, the plaintiff proved, that the witness had made a transfer to two of his co-distributees, of his interest in the slaves in controversy, and the hire of them. It is well established, that a release by the distributee, of his entire interest in the estate, would have removed the objection. Robinson v. Tipton, supra; Gray v. Gray, 22 Ala. 233; Herndon v. Givens, 19 Ala. 313; Johnson v. Culbreath, ib. 348; Clealand v. Huey, 18 ib. 348. But we think it is equally clear, both upon principle and authority, that a mere transfer of the distributee's interest in the subject-matter of the particular suit will not have that effect. Notwithstanding such a transfer, the witness is interested in the remainder of the estate, in swelling the fund for the payment of debts, and in avoiding the imposition of costs upon the administrator, whereby the assets for distribution will be diminished. The precise question was decided by this court in Abercrombie v. Hall, (6 Ala. 657,) adversely to the competency of the witness. See, also, Maury v. Mason, 8 Porter, 211.

[3.] As the objection to the competency of the witness last noticed may be removed upon a future trial, it is necessary for us to notice another objection. The witness is one of the obligors in a bond given under section 1691 of the Code, conditioned to pay the fees and allowances made by the probate court on the administration, "if the property of the estate is insufficient therefor." The liability upon this bond is contingent upon the facts, that there are fees, and that allowances are made by the court, and that "the property of the estate is insufficient therefor." It is not a bond for the indemnity of the administrator against the costs of the suit; and the question here is not at all analogous to that which was decided in Harris v. Plant, (31 Ala. 639,) as to the competency of one bound to indemnify the party who offers him. The proceedings in this case are, as to the obligors in the bond, res inter alios acta. We can not perceive how the judgment could be evidence

for them in a suit upon the bond, except in the same sense in which it would be evidence as to all the world, to prove the fact that such a judgment was rendered. We decide, therefore, that the witness, under section 2302 of the Code, was not incompetent, in consequence of his being an obligor on the bond above-named.

Reversed and remanded.