## ARNT B. MOE vs. FRANK S. CHESROWN.

Submitted on briefs May 15, 1893. Affirmed June 30, 1893.

**Parol Evidence of Title to Real Estate.**

> Where, in an action of trespass, the title to real estate is directly in issue, it cannot be established by parol evidence.

**Possession as Proof of Title.**

> Possession of the real estate in controversy here *held* sufficient to justify a recovery of nominal damages.

Appeal by defendant, Frank S. Chesrown, from a judgment of the District Court of Hennepin County, *Chas. M. Pond,* J., rendered October 22, 1893.

In January, 1892, defendant sent his servant to deliver some coal at No. 3042 Bloomington Avenue, Minneapolis. The driver backed the coal wagon into an alley seven feet wide between that house and the adjacent one owned by plaintiff, Arnt B. Moe. In doing so the wagon struck plaintiff's house and injured the siding. He brought this action before W. H. Mills, Justice of the Peace, for this trespass, and recovered one dollar damages and the costs, $4.35. Defendant appealed to the District Court on questions of law alone, where the judgment was affirmed, with $23.23 costs. He then appealed to this court. On the trial before the Justice, plaintiff was allowed to testify orally that he owned the injured house and was living in it with his family at the time of the trespass. On the admission of this evidence defendant assigned error, and asked a reversal of the judgment.

*C. E. Brame,* for appellant.

*McHale & Abell,* for respondent.

VANDERBURGH, J. This is an action of trespass for injuries to real property, of which plaintiff alleges he was the owner and in possession. Since the question of plaintiff's title was directly in issue, it could not be proved by parol; hence it was improper to allow the plaintiff to testify generally that he was owner. But he proved that he was in possession at the time of the injury, and he was entitled to nominal damages, at least, for an injury to the pos-

session by reason of the trespass; and the plaintiff recovered only one dollar, which will be treated as nominal damages. No court would disturb the judgment for that amount as being in excess of nominal damages. The evidence of plaintiff's possession will therefore sustain the judgment, notwithstanding the error complained of. It is not necessary to consider the other points raised by the appellant. In so far as they are important or material they have been considered and decided in other cases at the present term.

Judgment affirmed.

(Opinion published 55 N. W. Rep. 832.)