### KARNA JOHNSON v. CARL CARLIN.[1]

October 20, 1911.

Nos. 17,269—(146).

**Forcible entry — plea of not guilty.**

In an action for forcible entry and unlawful detainer, it is not necessary affirmatively to plead in defense facts which tend only to contradict the allegations of the complaint, but such facts may be shown under a plea of not guilty. The trial court erred in excluding evidence tending to show such facts.

Action brought in justice court for unlawful detainer. From a judgment in favor of plaintiff, defendant appealed to the district court for Nicollet county, where the case was tried before Olsen, J., who directed a verdict in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Reversed and new trial granted.

*Snyder & Gale* and *Frank J. Morley,* for appellant.

*Charles W. Quandt,* for respondent.

START, C. J.

Action, originating in justice court, for forcible entry and unlawful detainer, for the restitution of a farm. The complaint alleged the making of a written lease by the parties, whereby the plaintiff leased the farm to the defendant for the term of five years, from March 16, 1907, but in case the plaintiff sold the farm during the term the defendant should surrender the leased premises; that the plaintiff sold the farm and notified the defendant thereof, who re-

[1] Reported in 132 N. W. 750.

fused to surrender the premises, but unlawfully detained the same. The defendant pleaded not guilty. The plaintiff had judgment for restitution in justice court, and a writ was issued forthwith and executed; the plaintiff having given the required bond. The defendant appealed on questions of law and fact to the district court of the county of Nicollet, where the cause was tried to a jury. At the close of the evidence, each party asked for an instructed verdict. The trial judge instructed the jury to return a verdict for the plaintiff. The defendant appealed from an order denying his motion for judgment, notwithstanding the verdict or a new trial.

We are of the opinion that the defendant is entitled to a new trial for the reasons to be stated.

On the trial the plaintiff introduced the lease in evidence, which provided for the payment of an annual cash rent for the farm. The lease expired by its terms on March 16, 1912, subject to this proviso: "If the said first party sells said premises during the life of this lease and before the crop is in the ground, and desires to give possession to the purchaser, that the second party will forthwith surrender possession of said leased premises upon the payment to _____ of $ _____ per acre for each acre of said premises newly plowed by said second party at the time said possession is demanded; if sold after the crop is in, then said second party shall have the right to remove such crop when ready to be harvested." The proviso is found in the printed portion of the lease, and a pen and ink line was made in the blank spaces. The plaintiff also gave evidence to the effect that the land was sold on September 28, 1910, and notice thereof given to the defendant on November 1, 1910, and not before, and by the notice the defendant was required to surrender possession on or before February 1, 1911; and, further, that the defendant went into possession under the lease, at which time the greater portion of the cultivated land was then plowed.

The defendant testified that, in September and October, 1910, and before he was notified that the farm had been sold, he plowed thereon one hundred forty acres, which was of the reasonable value of about $3 per acre. This evidence was objected to on the ground, with others, that it had not been pleaded. The trial court sustained

the objection and struck out the evidence. The defendant then offered to show that the reasonable value of the plowing, done by him in September and October, 1910, and before he had any notice or knowledge that the farm had been sold, was $3 per acre, and he had not been paid therefor, to which the plaintiff objected, on the ground that it was immaterial and not pleaded. The trial court sustained the objection.

The objection that the matter sought to be proven was immaterial and not pleaded was clearly without merit, if the defendant was by the terms of the lease entitled to be paid for his plowing before surrendering possession of the farm. If such were the case, the evidence would directly tend to contradict the allegations of the complaint by showing that the defendant was not unlawfully withholding possession of the demised premises, and the case would fall within the rule that, in an action for forcible entry and unlawful detainer, it is not necessary affirmatively to plead in defense facts which tend only to contradict the allegations of the complaint, but such facts may be shown under the plea of not guilty. Sodini v. Gaber, 101 Minn. 155, 111 N. W. 962; Bartleson v. Munson, 105 Minn. 348, 117 N. W. 512.

It follows that the action of the trial court in excluding the defendant's evidence and directing a verdict for the plaintiff cannot be sustained, unless it appears from the record, including the lease, as a matter of law, that the defendant was not entitled to be paid for plowing done on the farm before he had notice of the sale thereof. The lease in this respect is ambiguous. The rule in such cases is that, if the meaning of a writing, by itself, is affected by uncertainty, extrinsic evidence, parol or otherwise, is admissible to show the situation of the parties thereto at the time it was executed, their relations to each other, and any other circumstances tending to show the intention of the parties. Unless the extrinsic evidence is undisputed, and only one inference can reasonably be drawn therefrom, the question of the intention of the parties should be submitted to the jury, with proper instructions. Donnelly v. Simonton, 13 Minn. 278 (301); Kelly v. Bronson, 26 Minn. 359, 4 N. W. 607; Board of Trustees v. Brown, 66 Minn. 179, 68 N. W. 837.

The only relevant extrinsic fact disclosed by the evidence is that a part of the farm was plowed when the defendant went into possession. We cannot take notice of any alleged custom as to plowing, as suggested by plaintiff's counsel. The contention of the plaintiff is to the effect that by the terms of the contract the defendant was not entitled to any sum for plowing done by him in case the farm was sold, for the reason that the ink line in the blank places in the lease, and the general covenant of the lessee to surrender the premises at the expiration of his term in as good condition and repair as when taken by him, indicate a clear intention to cancel the proviso as to the plowing. This is far from conclusive as to the intention of the parties. If the intention was to eliminate the proviso as to payment for plowing in case a demand was made for a surrender of the farm before the expiration of the term, the obvious and certain way to express such intention would have been to have continued the ink line through the whole of the condition.

On the other hand, the lease shows upon its face a purpose to recognize and protect the equities of the defendant, if he shall be required to surrender the farm before the expiration of his term, by paying him for plowing done before he had notice that the farm had been sold, and by permitting him to remove his crop when ready to be harvested. Therefore, in the absence of extrinsic evidence tending to show the actual intention of the parties, it may be fairly inferred from the lease that the purpose of the ink line was not to cancel entirely the provision as to payment for the plowing, but to require the defendant to surrender possession upon being paid the reasonable value of the plowing, which might vary from year to year. See Rhyne v. Rhyne, 151 N. C. 400, 66 S. E. 348.

We are not to be understood as so construing the lease, as a matter of law, for its proper construction may depend upon extrinsic evidence. We, however, do hold that it does not appear from the record, as a matter of law, that the defendant was not entitled to be paid for his plowing; hence the rulings of the trial court complained of constitute reversible error.

Order reversed, and new trial granted.