# KARNA JOHNSON v. CARL CARLIN.[1]

April 18, 1913.

Nos. 18,017—(95).

**Notice to tenant to vacate farm — construction of lease.**

   1. A farm lease provided that, if the lessor sells the farm and gives notice to the lessee that she desires to give possession to the purchaser, the lessee shall forthwith vacate upon the lessor paying to —— of $—— per acre for plowing newly made before the notice is given. *Held*, that the evidence supports the verdict that no compensation could be demanded for such plowing made by the lessee before he was required to vacate, and also that defendant was not entitled to a directed verdict for failure to prove a sale.

**Evidence to prove sale.**

   2. To prove a sale, so as to give the lessor, this plaintiff, a right to terminate the lease, oral testimony that she and the purchaser met and bargained for a sale of the farm, reduced the agreement to writing, signed it, that part of the purchase price was then paid, that the purchaser then went into

1 Reported in 141 N. W. 4.

possession, claiming ownership, with plaintiff's consent, and before the trial had received a deed, is admissible, and is sufficient to establish the condition upon which the lessee, this defendant, was required to vacate; it not being necessary or material to prove the contents or terms of the written contract of sale.

**Finding of sale sustained by evidence.**

3. Upon such properly admitted evidence the court was right in holding as a matter of law that a sale was proven, and hence no prejudice could result from the improper reception of other evidence relating to the sale.

After the decision of the former appeal, reported in 115 Minn. 430, 132 N. W. 750, the case was tried before Olsen, J., who denied plaintiff's motion for a directed verdict, and a jury which returned a verdict that defendant was guilty and plaintiff ought to have restitution of the premises. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Snyder & Gale* and *Frank J. Morley,* for appellant.

*Young & Quandt,* for respondent.

HOLT, J.

On March 12, 1907, plaintiff leased a farm to defendant for the term of five years. The lease contained a provision that if plaintiff "sells said premises during the life of this lease and before the crop is in the ground, and desires to give possession to the purchaser, that the second party [defendant] will forthwith surrender possession of said leased premises upon the payment to —— of $—— per acre for each acre of said premises newly plowed by said second party at the time said possession is demanded."

On September 28, 1910, plaintiff sold the farm to John A. Hinquist, and on November 1 following she served a written notice on defendant to surrender possession on or before February 1, 1911, "for the reason that [she had] sold and desired to give possession of said premises to the purchaser." Defendant refused to vacate, and on February 24, 1911, plaintiff began this action before a justice of the peace for restitution, alleging the letting, the terms thereof, the sale, notice to defendant to surrender possession, and his failure to comply. From

121 M.—12.

a judgment for restitution defendant appealed to the district court, but with the same result. Upon an appeal to this court a new trial was granted. Johnson v. Carlin, 115 Minn. 430, 132 N. W. 750. Plaintiff again prevailed, and defendant now appeals from the order denying his blended motion for judgment or, in case of denial thereof, for a new trial.

We do not think defendant entitled to judgment notwithstanding the verdict, either on the ground that no sale of the farm was proven, or on the ground that the verdict on the only issue submitted to the jury is not supported by the evidence. Under instructions not now challenged, the court left to the jury the sole question whether, under the ambiguous reading of the lease, the agreement was that plaintiff should pay the reasonable value for the plowing "newly made" before defendant could be required to surrender possession in case of a sale of the farm. This conformed to the rule announced on the former appeal, and we think the evidence as to the situation of the parties, their negotiations when the lease was made, the fact that generally plowing is done in the fall for practically all spring crops except corn, and that when defendant took the lease the same amount substantially was plowed as the amount plowed when he was required to leave, furnishes sufficient basis for the verdict.

Did the court err in holding, as a matter of law, and so instructing the jury, that it appeared as a proven fact that on or about September 28, 1910, plaintiff sold the farm to John A. Hinquist? If it clearly appears that she so did by competent admissible testimony, the case ought not to be reversed, even if the court erred in receiving evidence that should have been excluded.

Defendant had agreed to vacate, if plaintiff sold the farm and desired to give the purchaser possession. Without objection it was proven that plaintiff notified defendant that she had on September 28, 1910, sold and desired to give the purchaser possession. As to the fact of sale, it is to be observed that the lease does not specify what proof, if any, should be laid before defendant. We apprehend that, if the defendant had been present at the time the sale was made, had heard the bargain made, had seen the parties prepare and sign a contract purporting to conclude the bargain, had seen money paid to the plain-

tiff by Hinquist, had known that the supposed purchaser took posses-
sion with the seller's consent, and so remained in possession until he
received a deed, plaintiff could have called him to the witness stand
and elicited from him such facts without offending against any rule of
evidence. And if so made to appear, we dare say that it has been
sufficiently proven that plaintiff under the terms of the lease had the
right to require defendant to surrender possession of the farm. Aside
from the reception of the contract of sale this was substantially the
evidence at the trial as to the facts above enumerated, except that wit-
nesses other than defendant gave this testimony.

The agent employed by plaintiff to sell the farm was called, and
testified to bringing the parties together, that they bargained for a
sale, agreed on the terms, and reduced the same to a writing, which
was signed by both. Hinquist testified to the same, and, further, that
he then paid part of the purchase price, that on March 3, 1911, he took
possession, claiming as owner, with plaintiff's consent, and a year
later received from her a deed. It may be remarked that defendant
offered no evidence tending to disprove a sale, nor did he, by his cross-
examination of plaintiff's witnesses, give the slightest intimation that
there was any doubt about the sale being a bona fide transaction.

The title to the farm was not involved in this litigation. The price
paid or the terms of sale did not concern defendant. The fact of a
sale was the only essential matter to be proven. Authorities are not
wanting that, where the contents of a conveyance are not in issue,
or where the object of the evidence is not to establish a conveyance
under the deed, and the written instrument is only collaterally in-
volved, parol evidence is admissible that the deed or contract was
made and delivered, without producing the document, or when the
fact of a sale or conveyance of land, as distinct from the contents of
the deed or contract of sale, is for determination, parol evidence is in
like manner admissible. To that effect, see 17 Cyc. 486, where some
divergent decisions are also cited. We think the weight of authority
is as above stated. Trimble v. Shaffer, 3 G. Greene (Iowa)
233. The case of St. Louis v. Eakins, 30 Iowa, 279, was a suit upon
a subscription for stock of the plaintiff corporacion containing a pro-
vision that not more than 5 per cent. should be called for until the

contract for grading was let. Over objections, the court permitted parol testimony that the contract was let, without producing the contract. This ruling was sustained. The court, after stating that, if the contract and survey had been introduced in evidence, the defendant would not be concluded, because not a party, proceeds thus:

"If they would not conclude him, being between third parties, but only tend to establish the fact, which he may dispute by other and parol evidence, it would seem reasonably clear that other and independent proof of the fact itself might properly be offered by the plaintiff in the first instance. It will be remembered that it was *the fact* that a contract had been made, and not the *terms* or *contents* of the contract, which was proven by parol."

To the same effect is Davitte v. Southern, 108 Ga. 665, 34 S. E. 327; Uhl v. Moorhous, 137 Ind. 445, 37 N. E. 366.

In Robinson's Admrs. v. Tipton's Admr. 31 Ala. 595, the court held that the objection to parol testimony of a sale of land was properly overruled in these words: "There was no error in refusing to exclude the statement by the witness Freeman of *the fact* 'that the said William Robinson sold him the said land for two thousand dollars.' Whether that statement was *sufficient* evidence of the sale is not the question raised. Whether it was sufficient or not, it was admissible." Jay v. Stein, 49 Ala. 514, follows the same rule.

In Cooper v. Breckenridge, 11 Minn. 241 (341), the syllabus is: "Where the object is not to make out a claim of title to real estate, but to show that a certain party was associated with others in establishing a town, parol evidence of his interest in the townsite is admissible."

It is elementary that a contract for the sale of real estate must be in writing in order to create any interest or estate in the land. Therefore, the rule is that, as between the parties, while a contract required to be in writing remains executory, it is not competent to show a parol modification thereof, but when fully executed such modification may be proven. Here at the time of the trial there was an executed sale, and we think it was competent to prove by oral testimony when it had its inception. We do not misapprehend the position of defendant, namely: It appearing that the transaction had been reduced to a

written contract, such contract was the best and only evidence admissible to prove the sale. But, as before stated, the fact of sale was all that was necessary to prove, not any of the terms. We do not think the authorities relied on by defendant are opposed to the views herein expresssed. Moe v. Chesrown, 54 Minn. 118, 55 N. W. 832; Houck v. Patty, 100 Mo. App. 302, 73 S. W. 389; Rollins v. Atlantic City, 73 N. J. L. 64, 62 Atl. 929; Southern v. Leard, 146 Ala. 349, 39 South. 449; Fischer v. Johnson, 106 Iowa, 181, 76 N. W. 658—are all cases where the parties' rights depended on title. We may say, as stated by Wigmore in sections 1247 and 1248, that the emphasis is here upon the fact of sale, and not on the contents of the contract of sale, or, in fact, on whether any valid or enforceable contract was made because the sale was completed by deed.

On undisputed and clearly admissible oral testimony the fact of a bona fide sale of the farm to Hinquist was proven beyond a doubt, and we therefore conclude that defendant was in no manner prejudiced by the reception in evidence of the contract of sale, or other improper evidence on that proposition. Hence it is not necessary to consider or determine the question whether or not, as argued by plaintiff, the contract in so far as it evidenced a sale was admissible, even if it was not so upon a question involving the security, or whether or not in this case, where the defendant is not a party to the contract, and when possession was not taken by the purchaser, nor the right thereto given him by the contract, till after this action was begun, and where, when this trial is had, the contract had been superseded by deed, the contract could be received in evidence, when it is made to appear that no mortgage registry tax during the life of the contract had been paid.

Order affirmed.