# CHRISTIAN CARLSON v. JOHN WENZEL.[1]

December 11, 1914.

Nos. 18,837—(100).

**Judgment on the pleadings.**

> Construing a farm lease giving to the vendee of the owner the right of
> possession upon sale, it is *held* that the court erred in granting the de-
> fendant lessee's motion for judgment on the pleadings.

Action to recover possession of certain land. Defendant's motion
in the district court for McLeod county for judgment on the plead-
ings was granted, Morrison, J. From the judgment entered pursu-
ant to the order for judgment, plaintiff appealed. Reversed.

*C. G. Odquist* and *Anderson & Kube,* for appellant.

*G. W. Brown,* for respondent.

DIBELL, C.

This was an action in unlawful detainer brought in the municipal
court of Hutchinson and removed to the district court on appeal for
a trial *de novo.* The court granted defendant's motion for judgment
on the pleadings. From the judgment plaintiff appeals.

The defendant is the owner, by assignment, of a lease of ·a farm
dated September 9, 1912, made by one Richards, the then owner.
The lease ran to October 9, 1915, at a specified cash rental, payable
semiannually, commencing April 1, 1913.

[1] Reported in 149 N. W. 937.

The lease, which is of a form in common use, contains these provisions:

"That if the said first party sells said premises during the life of this lease and before the crop is in the ground, and desires to give possession to the purchaser, that the second party will forthwith surrender possession of said leased premises upon payment to him of $1.50 per acre for each acre of said premises newly plowed by said second party at the time said possession is demanded; if sold after the crop is in, then said second party shall have the right to remove such crop when ready to be harvested. That if said first party sells said premises during the term of this lease, the purchaser may at any time enter upon the leased premises for the purpose of plowing, breaking more land, summer-fallowing, cultivating or otherwise improving any part of said premises not in actual cultivation by said second party, and without such entry working any forfeiture of the rents herein agreed to be paid."

On January 22, 1914, the plaintiff bought the farm from Richards. There was then in the ground some eight acres of winter rye sown by the defendant. The defendant had done some plowing for the 1914 crop season. On February 4, 1914, the plaintiff tendered payment for the plowing and demanded possession.

In Minnesota the usual cropping season is the spring season. Farm leases are made with reference to the spring crop. It cannot be held that the planting of the rye in the fall saved the defendant's right of possession for the purpose of planting the spring crop of the following season or his right of occupancy of the premises. The defendant does not lose his crop of rye. By the terms of the lease he has a right of removal and that carries with it whatever right of possession is necessary to make the removal effective.

Under the lease, which is indefinite and perhaps inconsistent in its terms, it may be, as the defendant's counsel contends, that the crop is in the ground within the meaning of the lease when in the ordinary course of husbandry the ground is prepared and the cropping commenced; or it may be that upon sale the vendee has no right of possession, except for the purpose of cultivating or improving the portion of the premises not in cultivation, if the cropping

season is at hand and the ground is under cultivation.    These ques-
tions are not before us.

Under the pleadings it was error to hold that the plaintiff was not
entitled to possession.

Judgment reversed.