J. W. JENNISON AND OTHERS v. ALBERT F. PRIEM.[1]

March 23, 1938.

No. 31,750.

*W. E. Hottinger,* for appellant.
*Wilson & Blethen,* for respondents.

[1]Reported in 278 N. W. 517.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from a judgment entered in an action brought by plaintiffs against him to recover possession of a farm near Mankato under the provisions of the unlawful detainer statute.

In the late summer of 1935 plaintiffs, owners of the farm, entered into a written lease with defendant whereby he leased it upon a cash rental basis for a term of five years commencing in November of that year. The farm was for sale by the owners. Accordingly, in preparing the lease, there was employed a printed form of lease, commonly used in this state, containing a sale clause, which, as far as here material, reads:

"That if the said first party [owner] sells said premises during the life of this lease and before the crop is in the ground, and desires to give possession to the purchaser, that the second party will forthwith surrender possession of said leased premises upon the payment to him of $ no/100 per acre for each acre of said premises newly plowed by said second party at the time said possession is demanded; *if sold after the crop is in, then said second party shall have the right to remove such crop when ready to be harvested.*" (Italics supplied.)

In December, 1937, plaintiffs entered into a contract for the sale of the farm to one Timm. Defendant was immediately notified of the sale and possession demanded effective as of March 1, 1938, that being the date when the purchaser was to have possession. Defendant refused to surrender possession, hence this action was brought.

The complaint is in the usual form. Its adequacy is not questioned. Defendant tendered the general issue of "not guilty" and further, "That under the lease described in plaintiffs' complaint, defendant has sown a crop on said described premises and under said lease he has the right to harvest and remove said crop, and under the terms of said lease, to remain in possession thereof until such crops are harvested and removed."

The trial developed that defendant had planted 23 acres of winter wheat in the fall of 1937 and had also done some plowing.

As will be observed, the real issue raised relates to the effect to be given the sale clause in view of defendant's fall planting of winter wheat in 1937. His claim is that the clause was intended to and does mean that he was to have the right of possession of the entire farm if any part of it was sown to crop when the sale was made; that, by so interpreting it, the winter wheat having been sown in the fall of 1937, he cannot now be dispossessed and that the court erred holding otherwise. If this theory is correct the result logically follows that he can plant to crop during the present spring the remainder of the farm and, before that crop is removed, plant another winter wheat crop, and thus continue from year to year until the five-year rental period expires. Such result was obviously not the intent or purpose of the clause: "if sold after the crop is in, then said second party shall have the right to remove such crop when ready to be harvested." The contract engagement is that in event of sale by the owners defendant "will forthwith surrender possession," but with the right reserved to him "to remove such crop when ready to be harvested." If the intention was what defendant now claims it to be the parties could readily have said that no sale could be made after the crop or any part of it was planted. But they did nothing of the kind. They went much further and in plain language said (neither fraud nor mistake is here claimed), if the land is sold "after the crop is in" defendant shall "have the right to remove such crop."

The meaning of the writing is plain. There is nothing uncertain about it. Hence extrinsic evidence, parol or otherwise (absent as we have seen fraud or mistake), was inadmissible, and the court properly refused to permit defendant to show that the words used had some other and different meaning than the writing itself portrays.

We think this case is governed by Carlson v. Wenzel, 127 Minn. 460, 461, 149 N. W. 937. The sale clause there involved was in substance and effect the same as the one we have here. There the tenant had sown fall rye. The court said:

"In Minnesota the usual cropping season is the spring season. Farm leases are made with reference to the spring crop. It cannot

be held that the planting of the rye in the fall saved the defendant's right of possession for the purpose of planting the spring crop of the following season or his right of occupancy of the premises. The defendant does not lose his crop of rye. By the terms of the lease he has a right of removal and that carries with it whatever right of possession is necessary to make the removal effective."

Defendant relies upon Johnson v. Carlin, 115 Minn. 430, 132 N. W. 750. There the sale clause was much the same as here, but in the portion thereof relating to payment for land newly plowed there were left blank spaces with regard to whom the payment should be made as well as the amount to be paid therefor by the owner in event of sale. The tenant's possession was secure until "payment to ................. of $ ....... per acre" was made. Clearly, the court was right in holding that this presented an ambiguity. In such cases, the court said (115 Minn. 432, 132 N. W. 751) : "if the meaning of a writing, *by itself,* is affected by uncertainty, extrinsic evidence, parol or otherwise, is admissible to show the situation of the parties thereto at the time it was executed, \* \* \*" (Italics supplied.) That case is unlike the present in that there are no blank spaces here. Instead, in the space regarding payment, "no/100 dollars" was inserted; hence the foundation for the claimed similarity of facts disappears. As the court appropriately said (115 Minn. 433, 132 N. W. 752) : "If the intention was to eliminate the proviso as to payment for plowing in case a demand was made for a surrender of the farm before the expiration of the term, the obvious and certain way to express such intention would have been to have continued the ink line through the whole of the condition."

The defense here pleaded and the means adopted at the trial to sustain it establish that defendant relied upon what was contained in the written contract. No reformation was suggested, and no claim was made that he was attempting to vary the terms of the lease. He was "trying to explain" it. "We claim there is an ambiguity in the contract and that under the parol evidence rule we have a right to explain an ambiguity \* \* \*" Defendant's line

of questioning in seeking to introduce his proof went "to the intention of the parties" *under the contract.*

Defendant, apparently in desperation, then sought to show by parol proof that at the time the contract was signed one of plaintiffs, at defendant's request, "explained" the meaning of this clause. The trouble with that claim is apparent. An oral "explanation" of that which is concededly within the terms of a written contract might well be made the means of effectively destroying that which is written, thereby destroying the rule itself. This cannot be done.

We are not to be understood as going beyond what was held in Carlson v. Wenzel, 127 Minn. 460, 149 N. W. 937. If the tenant in the usual course of good husbandry has prepared the ground for crop and thereby commenced the cropping of the land for that reason (in our state "the spring season"), it might well be held that if a sale is then made by the owner, pursuant to such contract as we have here, the tenant cannot be dispossessed of the farm until the end of that cropping season. But that question is not before us, nor was it before the court in the cited case. The facts here presented are substantially the same as in the Carlson case, hence the same result must follow.

We think the court correctly disposed of the case, and the judgment is affirmed.

MR. CHIEF JUSTICE GALLAGHER and MR. JUSTICE STONE took no part in the consideration or decision of this case.