VOL. 112, OCTOBER TERM, 1892. 383

The Waverly Timber & Iron Co. v. The St. Louis Cooperage Co.

THE WAVERLY TIMBER & IRON COMPANY, *Appellant*, v. THE ST. LOUIS COOPERAGE COMPANY.

Division Two, November 29, 1892.

1. **Pleading**: AMENDMENT OF PETITION. An amendment of the petition in an action for cutting and converting timber on plaintiff's land, so as to make specific the lands cut from, is permissible, and should be allowed.

2. **Conversion**: CUTTING TIMBER ON ANOTHER'S LAND. The fact that defendant's agents thought they were cutting on different land constitutes no defense, where it appears defendant received the timber and appropriated the same.

3. **Evidence**: AGENT'S DECLARATIONS. One's agency cannot be shown by his own declarations.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Frank, Dawson & Garvin* for appellant.

(1) Under the code, it is reversible error for the court to refuse to allow a plaintiff at the trial to amend a good petition in conformity with the evidence adduced. *Carr v. Moss,* 87 Mo. 447; *Weber v. City of Hannibal,* 83 Mo. 262; *Gilmore v. Dawson,* 64 Mo. 311; *McMurry v. Martin,* 26 Mo. App. 438; 1 McQuillan on Pleading & Practice, sec. 410. (2) *First.* No element of wilfulness or negligence is necessary to charge the defendant for the actual loss resulting from his conversion; he may have committed the trespass under a mistaken view of his legal rights; nevertheless he has intermeddled with plaintiff's property and disposed of it, and it is no answer that he acted under authority

from another who himself had no authority to dispose
of it. *Pearson v. Inlow*, 20 Mo. 322; *Koch v. Branch*,
44 Mo. 542; *Warnick v. Baker*, 42 Mo. App. 442; *Bank
v. Tremholm*, 12 Heisk. 520; *S. & R. Co. v. Taber*, 13
Col. 56; *Dickson v. Elevator Co.*, 44 Mo. App. 504;
*Hamlin v. Caruthers*, 19 Mo. App. 571; *Herdic v. Young*,
55 Pa. St. 176; *Hyde v. Noble*, 13 N. H. 499; *Morrill
v. Moulton*, 40 Vt. 242; *Spraights v. Hawley*, 39 N. Y.
441. *Second.* Parol evidence is admissible to identify
persons and things mentioned in a deed introduced in
evidence so as to satisfy and explain the description
therein, even where the deed is perfectly intelligible on
its face, and also to show claim of title and occupancy
under such deeds. *Skinker v. Haagsma*, 99 Mo. 208;
*McPike v. Allman*, 53 Mo. 561; *Webster v. Blount*, 39
Mo. 502. (3) Plaintiff was entitled to go to the jury
on the case made. *Moody v. Deutsch*, 85 Mo. 243.
*First.* In the absence of actual adverse possession,
either the legal title to unoccupied land, or occupancy
of a part of a contiguous tract under color of title to the
whole, invests the owner with full and complete rights
and remedies against trespassers. *Renshaw v. Lloyd*,
50 Mo. 369; *Hammontree v. Huber*, 39 Mo. App. 329;
*Crispen v. Hannavan*, 50 Mo. 536; *Rannels v. Rannels*,
52 Mo. 109; *Harbinson v. School District*, 89 Mo. 184;
*Bartlett v. Kauder*, 97 Mo. 356; *Hickman v. Link*, 97
Mo. 483; *Turner v. Hall*, 60 Mo. 271; *McElhinney v.
Kraus*, 10 Mo. App. 225; 3 Washburn on Real Property
[5 Ed.] p. 138; *Riley v. Water Works*, 11 Cush. 11;
*Shermerhorn v. Buell*, 4 Denio, 422; *Polk v. Henderson*,
9 Yerg. 310. *Second.* A mere entry and direction to
cut trees standing upon such premises by one owning
adjacent ground, whether under mistake as to true
location of boundary line or otherwise, does not con-
stitute an adverse possession against the true owner, no
matter how often such trespass may be repeated.

*Bailey v. Massey*, 2 Swan, 169; *Wright v. Guier*, 9 Watts, 172; *Skinker v. Haagsma*, 99 Mo. 215; *Watts v. Loomis*, 81 Mo. 239. *Third.* When timber is thus severed from the land the timber becomes personal property, but the title to it remains unaffected in the owner of the land. *Turley v. Tucker*, 6 Mo. 583; *Baker v. Campbell*, 32 Mo. App. 530; *Johnson v. Elwood*, 53 N. Y. 431; Wells on Replevin, secs. 82, 89; *Riley v. Water-Power Co.*, 11 Cush. 11; *Moody v. Whitney*, 34 Me. 563. *Fourth.* Such owner may waive the trespass and recover in trover for the conversion against whoever cut or carried away this timber, or caused it to be cut or carried away without his consent. 1 Salk. 10, note a; *Wright v. Guier*, 9 Watts, 173; *Wadleigh v. Janorin*, 41 N. H. 520; *Cooper v. Chitty*, 1 Burr. 31; *Nelson v. Burt*, 15 Mass. 203; *Sanderson v. Haverstick*, 8 Barr. (Pa.) 294; *Riddle v. Driver*, 12 Ala. 590; *Cobb v. Griffith & Adams Co.*, 87 Mo. 90; *Railroad v. Mahoney*, 42 Mo. 467. *Fifth.* A purchaser of property wrongfully taken from plaintiff is answerable to him in trover for a conversion. *Riley v. Water-Power Co.*, 11 Cush. 11; *Bank v. Tremholm*, 12 Heisk. 520; *Moody v. Whitney*, 34 Me. 563; *S. & R. Co. v. Taber*, 13 Col. 41; *Dickson v. Elevator Co.*, 44 Mo. App. 504; *Koch v. Branchs*, 44 Mo. 542; *Warnick v. Baker*, 42 Mo. 442; *Hamlin v. Caruthers*, 19 Mo. App. 571; *Williams v. Wall*, 60 Mo. 318; *Allen v. McMonagle*, 77 Mo. 481; *Ireland v. Horseman*, 65 Mo. 512.

*Kehr & Tittman* and *F. Wislizenus* for respondent.

(1) In a personal action based on the cutting and removing of plaintiff's timber, possession of the land wherein the timber was cut, either actual or constructive, must be shown as fully as if the suit were for trespass on the land. *Deland v. Vanstone*, 26 Mo. App.

297; *Zeitinger v. Lumber Co.*, 45 Mo. App. 114; *Rannels v. Rannels*, 52 Mo. 108; *Brown v. Carter*, 52 Mo. 46; *Lindenbower v. Bentley*, 86 Mo. 515. (2) In this case plaintiff failed to prove possession of any part of the tract claimed by it. Inspection of the ground and employment of agents to look after it do not constitute possession. Nor would cutting timber (of which there was no evidence). *Green v. Harmon*, 4 Dev. 158; *Bailey v. Massey*, 2 Swan, 168; *Morris v. Hayes*, 2 Jones, 93; *Loftin v. Cobb*, 1 Jones, 406; *Grant v. Winborne*, 2 Hay. 56; *Musick v. Barney*, 49 Mo. 458; *Norfleet v. Hutchins*, 60 Mo. 597; *Pike v. Robertson*, 79 Mo. 615. (3) To prove its possession of the whole tract under color of title, it was necessary for plaintiff to fix the boundaries laid down in its deed by competent evidence, and prove that the alleged trespass was committed within the bounds thus ascertained. This plaintiff failed to do. *Parker v. Wallis*, 60 Md. 15; *Blumenthal v. Roll*, 24 Mo. 113; *Schultz v. Lindell*, 30 Mo. 321; *Robinson v. White*, 42 Me. 209; *Chapman v. Brawner*, 2 Har. & J. 366; *Carrol v. Smith*, 4 Har. & J. 128. (4) Agency cannot be proved through declarations of the agent when not made by him as witness in the case. *Peck v. Ritchey*, 66 Mo. 114; *Carsons v. Cummings*, 69 Mo. 329; *Anderson v. Volmer*, 83 Mo. 406; *Mitchem v. Dunlap*, 98 Mo. 418; *Diel v. Railroad*, 37 Mo. App. 454; *Crothers v. Acock*, 43 Mo. 320; *Golson v. Ebert*, 52 Mo. 260. (5) The appellate court will interfere with the discretion of a trial court in ruling on an application to amend only in case of gross abuse. *Cadwell v. McKee*, 8 Mo. 334; *Machine Co. v. Philbrick*, 70 Mo. 648; *Pomeroy's Adm'r v. Brown*, 19 Mo. 303; *Chauvin v. Lowres*, 23 Mo. 227; *Ellsworth v. Barton*, 67 Mo. 622; *Ferguson v. Railroad*, 35 Mo. 452; *Green v. Gallagher*, 35 Mo. 226; *Dozier v. Germans*, 30 Mo. 216. (6) Plaintiff cannot by

The Waverly Timber & Iron Co.. v. The St. Louis Cooperage Co.

amendment change the nature of his action, nor can he add an independent action by amendment. *Fields v. Maloney*, 78 Mo. 172; *Parker v. Rhodes*, 79 Mo. 92; *Scovill v. Glasner*, 79 Mo. 452; *Lumpkin v. Collier*, 69 Mo. 170. (7) It is no longer the law that a nonsuit must be refused, if there is the faintest spark of evidence in the direct case. *Landis v. Hamilton*, 77 Mo. 554; *Powell v. Railroad*, 76 Mo. 83; *Myers v. Houck*, 52 N. W. Rep. 235.

GANTT, P. J.—This is an action for damages, alleged to have been caused by the conversion of certain timber, staves and headings cut and made without consent of plaintiff from certain lands owned by it "lying and situate in civil districts 1 and 11 in Humphreys county, in the state of Tennessee, and more particularly from that portion of the plaintiff's said tract of land located north of Turkey creek, south of White Oak creek, west of the west boundary line of what is known as the John Brown tract, and east of what is known as the River road, which road, at this place, runs parallel with and east of the Tennessee river in said county of Humphreys and state of Tennessee."

The petition is in three counts; the first alleges a conversion between October 15, 1885, and January 1, 1887, to the amount of $1,500; the second, a like conversion during the year 1887 to plaintiff's damage, and the third, a like conversion in June and July, 1888, and throughout 1888, until September 14, 1889 (when this action was commenced) amounting to $2,800 in damages.

The answer was a general denial.

The cause was tried November 18, 1890.

On the calling of the cause for trial, November 18, 1890, plaintiff asked leave of court to amend its petition by inserting after the words "east of Tennessee

river," above, the following words: "And from the land lying south of the Turkey creek and what is known as Montgomery grant just south of land of W. Duffel's heirs," in order to conform the pleadings with the proof in the depositions on file. The motion to amend was overruled by the court and exceptions taken by plaintiff.

Plaintiff offered in evidence and read two deeds; one from Joseph Frank and wife and August Richards and wife to the Waverly Timber & Iron Company, of date February 2, 1888, conveying by metes and bounds seventeen thousand, three hundred and fifty-three and one-half acres in Humphreys county, Tennessee, and one from T. U. Harris and wife to Frank and Richards, both duly recorded. It is admitted that the above deeds cover and embrace the land in the petition.

Among other witnesses J. A. Summers testified in a deposition filed October 13, 1890, that he cut one hundred and two white oak trees on this land south of Turkey creek. He cut this timber for the defendant, and shipped it to defendant at St. Louis. Mrs. Duffel claimed the timber and sold it to him. He showed McCullom the trees he cut. McCullom testified these trees were cut on plaintiff's land. The evidence tended to show this was the larger part of the damage done plaintiff.

Plaintiff complains that the court refused to permit it to amend its petition as requested. We think the court erred in not permitting this amendment. Its effect was to make the petition more specific. The deposition was on file, and the witness had been cross-examined by defendant. It could not have wrought a very great surprise to defendant; but, if it had, that was a matter for the court after permitting the amendment. *Gilmore v. Dawson*, 64 Mo. 311; *Carr v. Moss*, 87 Mo. 447. It appears that plaintiff asked leave to make this

amendment before going into the evidence. The trial court imposed no terms, but peremptorily refused to permit it at all. To refuse this amendment, and then nonsuit the plaintiff because the evidence showed the timber was cut from the tract south of the creek, does not accord with the liberal spirit of our statute of amendments. The amendment did not change the cause of action. The suit was for the conversion of the timber, and the purpose of the amendment was simply to make specific the general averment that the timber was cut from certain lands, by referring to the particular portion thereof. The petition was sufficient as it was, without the amendment, but it should have been allowed, especially as the court held that without it plaintiff could not recover for the timber cut from that part of the land described in the proposed amendment.

II.   With this averment in the petition there was sufficient evidence to submit the case to the jury.

III.   If the jury shall find this timber was cut from plaintiff's land, and was received by defendant of its agents, and appropriated, it will be no defense that defendant's agents thought they were cutting on Mrs. Duffel's land. The element of intentional wrongdoing is not necessary to the maintenance of this action.

IV.   Osman's agency could not be shown by his own declarations. Much of the testimony is open to this objection. *Mitchum v. Dunlap*, 98 Mo. 418; *Anderson v. Volmer*, 83 Mo. 406. And for the same reason the check on the defendant by Osman, in the absence of evidence that it had been accepted by the defendant, was properly rejected. This was only another way of showing his agency by his own admissions.

V.   We do not feel called upon to search for the few grains of competent evidence in the vast amount of

hearsay in the excluded deposition of Mr. Joseph Frank. It will be much easier for counsel to retake his deposition or call him as a witness, and it ought not to be difficult to explain to a witness of any intelligence what is evidence and what is hearsay.

For the errors noted, the judgment is reversed and cause remanded for new trial. All concur.