BLAKE MANUFACTURING COMPANY, Appellant, v. G. JAEGER, Respondent.

81 239
81 261
81 239
85 108

**Kansas City Court of Appeals, October 30, 1899.**

1. Contract: PAROL EVIDENCE: VARYING EFFECT OF. The legal effect of a contract is as much within the protection of the rule which forbids the introduction of parol evidence as is its language.

2. ————: PERFORMANCE: PRESUMPTION: EVIDENCE. When no time for the performance of a contract, such as the payment of money or the delivery of goods, is mentioned, the law presumes a reasonable time, and parol evidence is not admissible to prove a specific time was verbally agreed upon.

Appeal from the Bates Circuit Court.—*Hon. J. H. Lay,* Judge.

REVERSED AND REMANDED.

*J. F. Smith* for appellant.

(1) The alleged oral agreement was clearly inadmissible for the purpose of varying, affecting, modifying or controlling the written contract of September 23, 1896, and clearly inadmissible for any purpose in this case. Squier v. Evans, 127 Mo. 518; Tracy v. Iron Works, 104 Mo. 198; State ex rel. v. Hoshaw, 98 Mo. 358, and cases cited. R. S. 1889, sec. 2050; Brockhaus v. Schilling, 52 Mo. App. 82; Barnes v. McMullins, 78 Mo. 269. (2) From the above it is evident that there was no oversight or intentional omission, and therefore does not authorize the admission of evidence of an oral agreement to control, vary, modify or alter the written contract. Bank v. Cushman, 66 Mo. App. 105; Tracy v. Iron Works, 104 Mo. 193. The written contract of September 23, 1896, was complete; the law fixes the time of delivery at a reasonable

time.   Bryant v. Saling, 4 Mo. 522; Salisbury v. Renick, 44 Mo. 554; Hickam v. Hickam, 46 Mo. App. 496.

*S. W. Dooley* for respondent.

(1)   The evidence as to time of delivery was admissible; it was a contemporaneous agreement, relating to the same subject-matter and does not in any way vary or contradict the written agreement.   Brown v. Bowen, 90 Mo. 184, approved in Tracy v. Iron Works, 104 Mo. 193; Quick v. Glass, 128 Mo. 320.   (2)   The evidence of the promise to deliver within thirty days did not change or contradict any of these terms or conditions and was, therefore, admissible.   Rollins v. Claybrook, 22 Mo. 405; Moss v. Green, 41 Mo. 389; Van Studdiford v. Hazlett, 56 Mo. 322; Life Ass'n v. Cravens, 60 Mo. 388; Broughton v. Null, 56 Mo. App. 231; Calley v. Loomas, 56 Mo. App. 322.   (3)   The entire bargain and sale, made September 23, could have been made verbally and every one of its terms and conditions proved by oral testimony. Ringer v. Holtzclaw, 112 Mo. 519; Weil v. Willard, 55 Mo. App. 376; Miller v. Goodrich, 53 Mo. App. 430.   (4)   This memorandum of September 25, is nothing more than a one-sided proposition, all favorable to the appellant.   The only thing it undertook to do was to furnish what its contract of March 25 previous required it to do then.   It is the same as is mentioned on page 200 of Tracy v. Iron Works, 104 Mo. 193, cited by appellant.   (5)   All the circumstances, surroundings and conditions of the parties, on September 23, showed that they knew time was an essential matter to be considered.   Heating Co. v. Bissell, 41 Mo. App. 426.

ELLISON, J.—In the year 1896 defendant Jaeger undertook the construction of a waterworks plant for the town of Greenville, Miss., and in March of that year made a contract in writing with the Knowles Steam Pump Works of New York for the necessary pumps to be delivered F. O. B. at

Greenville and for the price of $2,195.   The agreement was that the pumps should lift 1,400 gallons of water per minute.

When the pumps were put in place it was found, on a test then made, that they did not have the capacity called for by the contract.   Thereupon in September, 1896, the pump company addressed a written proposal to defendant, offering in effect to put in larger pumps of a certain pattern, provided, however, defendant would release the company from damages on the original contract.   According to defendant's evidence, he declined to accept this supplemental agreement *except* with the understanding that the pumps should be furnished ready to set up at Greenville within thirty days after said new contract should be made, and with this understanding defendant accepted the proposal.   And this, according to the testimony of defendant and the mayor of Greenville, the pump company's agent in charge of the matter agreed to, though a stipulation to that effect was not incorporated in the written proposal.   The agent for the pump company testified at the trial and denied that he agreed to any such limit of time. The pumps were not furnished until more than two months after the new or supplemental agreement was entered into. By reason of this delay the evidence shows that defendant was put to much extra expense, was unable to close up the work and settle with the Greenville authorities and get his pay, etc.

During the progress of the work defendant paid the pump company several amounts, so that on the original contract price there only remained a balance of $374, and the plaintiff here brought this action on said balance of account as an assignee thereof.   The defense was based on the failure of the pump company to furnish the machinery within the thirty days, by reason of which default defendant suffered damages which he claimed should go to reduce or recoup plaintiff's alleged balance of account.

On a trial by jury there was a verdict and judgment for defendant and plaintiff appealed.

VOL. 81 app—16

## ON REHEARING.

In admitting the evidence that the pump was to be furnished within thirty days the trial court committed error. No time of delivery having been written in the contract, the law implies that it should be a reasonable time. This implication of the law is as much a part of the contract as if it was written therein in words. The contract was not incomplete. On the contrary it was a full expression of the entire understanding, and therefore falls within the rule which prevents the admission of oral evidence to vary or alter a written contract. "The legal effect of a written contract is as much within the protection of the rule which forbids the introduction of parol evidence as its language." Barry v. Ransom, 2 Kern. 462. "Where the legal construction and effect of an instrument are well settled, it is varying the instrument to show that the parties intended something else as much as it would be to prove that the terms used were not in accordance with the previous agreement." LaForge v. Rickett, 5 Wend. 187; Creery v. Holly, 14 Wend. 30; Thompson v. Ketchum, 8 Johns, 190. "Where the language of an instrument has a settled legal meaning, its construction is not open to evidence." 2 Parsons on Contracts, 551 (star p.).

Where no time of payment is mentioned in a written contract for things sold, the law presumes cash on demand, and parol proof of a specified time having been agreed upon contemporaneously is not admissible. Ryan v. Hall, 13 Met. 520; Warren v. Wheeler, 8 Met. 97. The same rule of law is established in England. Ford v. Yates, 2 M. & G. 549; Greaves v. Ashlin, 3 Camp. 426; Simpson v. Henderson, 1 Moo. & M. 300.

Text writers state the same rule. "If the contract specifies no time, the law implies that it shall be performed within a reasonable time; and will not permit this implication to be rebutted by extrinsic testimony going to fix a definite term,

because this varies the contract." 2 Parsons on Contracts, 661 (star p.); 1 Chitty on Contracts, 144. So, "where anything is to be done, as goods to be delivered, or the like, and no time is specified in the contract, it is then a presumption of law that the parties intended and agreed that the thing should be done in a reasonable time." 2 Parsons on Contracts, 535. If no time of payment is written in a promissory note it is payable on demand and parol evidence is not admissible to prove the contrary. Bank v. Hunt, 25 Mo. App. 170. A bill of lading which is silent as to place of storage imports a contract that the goods are to be stowed under deck and parol evidence that it was agreed they should be stowed *on* deck is inadmissible. The Delaware, 14 Wallace, 579.

The foregoing shows that the judgment should be reversed and the cause remanded. All concur.