## MARY H. G. HOUCK et al., Appellants, v. JOHN PATTY et al., Respondents.

### St. Louis Court of Appeals, March 17, 1903.

1. **Equity:** INJUNCTION AGAINST TRESPASS: AMENDED PETITION: NO DEPARTURE IN PLEADING. Where a petition alleged that plaintiff was the owner of certain timber lands; that defendants were wrongfully cutting timber thereon; that the timber constituted the principal value of the land; and that if defendants, who were insolvent, were not enjoined plaintiff would be deprived of the timber without any adequate remedy at law; and prayed an injunction—an amended petition, alleging the value of the timber which had been removed to be $500, and another paragraph, alleging generally that plaintiff had been damaged, but neither stating in what sum, nor praying judgment therefor, was not subject to a motion to strike it out, as a departure from the original petition.

2. ———: ———: PAROL EVIDENCE: DEED BEST EVIDENCE. In a suit to restrain defendants from cutting timber on land alleged to belong to plaintiff, parol evidence that since the institution of the suit plaintiff had conveyed the timber to a third person, was inadmissible over objection that the deed was the best evidence thereof.

3. **Swamp Land:** DEED IN PURSUANCE OF STATUTE, VALID: CONSTITUTIONAL QUESTION. Where swamp lands donated to the State were patented to a county, and conveyed by the grantee through mesne conveyances to plaintiff, as authorized by act of Gen-

eral Assembly, October 26, 1857, an objection that the conveyance from the county was void, must be based on the ground that the act was unconstitutional, and, therefore is not within the jurisdiction of the Court of Appeals.

4. ———: COUNTY'S PATENT GOOD: POSSESSION OF PART, POSSESSION OF THE WHOLE, WHEN. Where swamp lands were conveyed by a county, to which they were patented by the State, by mesne conveyances to plaintiff, and plaintiff had been in actual possession of a part of the land by a tenant claiming title to the whole, her title thereby acquired was superior to a title acquired by virtue of an execution sale of the land on a judgment against the county, after the county had parted with its title.

5. Injunction Against Cutting Timber: EVIDENCE ADMISSIBLE TO SHOW DEEDS A SHAM, WHEN. Where, in a suit to restrain defendants from cutting timber on plaintiff's land, plaintiff alleged that deeds under which defendants claimed were shams, and manufactured for the purpose of defeating criminal prosecutions for taking the timber, plaintiff was entitled to show such fact at the trial in order to invalidate such conveyances.

Appeal from Iron Circuit Court.—*Hon. Frank R. Dearing,* Judge.

REVERSED AND REMANDED.

*L. R. Thomason* for appellants.

(1) The court committed error in striking out the amended petition. The cause of action stated was the same as stated in the original petition. Holt County v. Cannon, 114 Mo. 515. (2) Plaintiffs have been in the actual possession of the lands embraced in their petition, by and through their agents and tenants, paying taxes on said lands for twenty years. A party may maintain an action for trespass on his lands, though the tenant is living on it at the time of the commission of the trespass. Russell v. Thorn, 1 Mo. 390. (3) Plaintiffs, as the owners of the fee, could maintain this action. It is the illegal entry which constitutes the cause of action; the cutting of the timber affects only the measure of damages. Cook v. Redman, 45 Mo. App. 397.

*Henry S. Shaw* for respondents.

(1) "An amended petition which states an essentially different cause of action from that stated in the original petition and which requires different proof will not be allowed." Lumkin v. Collier, 69 Mo. 170; Parker v. Rodes, 79 Mo. 88; Dandt v. Macheus, 13 Mo. App. 592. (2) Any relief appropriate to the facts alleged and proved may be granted under a prayer for general relief. Snider v. Coleman, 72 Mo. 568; Bevin v. Powell, 83 Mo. 365; Conrad v. Howard, 89 Mo. 217; Rankin v. Charless, 19 Mo. 490. (3) "Injunction will not lie to restrain trespass where plaintiff's right is not clear or where he has an adequate remedy at law, nor where defendants are in possession under color of title." Ware v. Johnson, 55 Mo. 500; Smith v. Johnson, 91 Mo. 13.

BLAND, P. J.—Omitting caption, the petition is as follows:

"Plaintiffs state that they are husband and wife, and further state that they are seized and possessed in fee of, in and to the following described land, situate in Stoddard county, Missouri, to-wit: All of section twenty-four, all of section twenty-five, all of section twenty-six, all of section twenty-seven, all of section twenty-nine, all of section thirty-six, and all of the west half of section thirty-four, and all of the east half of section thirty-one, the north half and southwest quarter of section thirty-five, the south half of the northeast quarter, and the south half of southeast quarter, and the southwest quarter, and the west half of the northwest quarter, and the southeast quarter of the northwest quarter of section thirty-three; also, the east half of the southeast quarter, and the southwest quarter of the southeast quarter, and the northeast quarter of section twenty-three, and all in township twenty-four, range eleven east, in Stoddard county, Missouri.

''That on or about the 10th day of February, 1898, the defendants, and other persons in the employ of the defendants and under their directions, and whose names are unknown to plaintiffs, did threaten to unlawfully enter upon the above-described land, and did by themselves, their agents, servants and employees, whose names are unknown to plaintiffs, enter upon the premises described above, and the property of the plaintiffs then and now, and have continuously from said date threatened, unlawfully and forcibly and against the will of plaintiffs, to cut down from off said lands, ties and timber standing and growing thereon, consisting of trees of great number and of great value, and to remove the same from off said land, and that the defendants, their agents, servants and employees, have ever since the 10th day of February, 1898, and prior to that day and date, been engaged in unlawfully entering upon the described lands of the plaintiffs, and have continuously from said date been guilty, unlawfully and forcibly and against the will of plaintiffs, of cutting down upon said land aforesaid a large number of valuable trees, growing and standing on said lands, and being thereon at said times, and have removed and are about to remove the trees cut and severed from the said land, and are threatening to appropriate and have appropriated the same to their own use and benefit of defendants; that the defendants then well knew, and still know, that the plaintiffs are the legal owners of the said land, and defendants then knew and still know, that they did not have then, and they have not now any right, title, claim or interest in and to said real estate, or the trees and timber thereon, save and except such as they have manufactured and executed among themselves, or caused to be fraudulently made and manufactured to protect themselves from being criminally prosecuted for theft, and to force these plaintiffs to prosecute their action

Vol 100 app—20

against them at great cost in the civil courts of this State.

"Plaintiffs further state, that the defendants, by the means aforesaid, are still carrying on the trespasses above pleaded, and that they threaten to continue the same in the manner and by the means aforesaid, unless restrained by this court.

"Plaintiffs state that said real estate is principally valuable for and on account of the timber and trees, which have been and are a part of said above-described real estate; that the timber and trees now standing on said lands are of great value, and that the land without the timber would be comparatively valueless, and that said plaintiffs will suffer irreparable injury to said real estate, at the hands of said above-named defendants, unless they are each restrained from cutting and removing the timber and trees from said lands, or causing the same to be done by their agents, servants or employees, or those under them.

"Plaintiffs further state that the defendants are wholly insolvent, and that they have no adequate remedy at law by an action for damages, wherefore, the plaintiffs pray that the defendants may be perpetually enjoined and restrained from in any way doing and performing and continuing any of the acts above charged against them, and that they may be perpetually enjoined and restrained from entering in and upon the above described lands, or any part thereof, for the purpose of cutting trees or timber, or removing the same therefrom, or from causing their agents, servants or employees to do so, and that in the meantime a temporary injunction and restraining order may be allowed by some court having jurisdiction to issue such an order restraining the defendants, and each of them, and their agents, servants and employees, from proceeding to do or carry on the trespasses and wrongs heretofore in this petition set forth and complained of, until the final order of the circuit court of Stoddard county, Mis-

souri, or until the final order of some court and judge of this State, having jurisdiction to pass in final judgment on this petition and application.

"And plaintiffs further pray the said court for such further order as may be just and proper in the premises."

Notice that the plaintiffs would apply to the judge of the probate court for a temporary restraining order on February 21, 1898, was duly and timely served on defendants. On the day named in the notice plaintiffs presented their petition and injunction bond to the judge of the probate court of Stoddard county, and obtained from said judge a temporary order restraining the defendants from cutting or removing timber from the land described in the petition. At the March term, 1898, of the Stoddard Circuit Court, defendants filed their motion to dissolve the injunction and also an application for a change of venue of the cause. The venue was changed to the Iron Circuit Court. In April, 1901, after the cause had reached the latter court, plaintiffs filed an amended petition incorporating a new paragraph wherein the value of the timber that had been removed by defendants was alleged to be five hundred dollars, and in another paragraph alleged generally that plaintiff had been damaged, but did not state in what sum, nor pray judgment for such damages. In all other respects the amended petition was like the original and the same relief was prayed for in both petitions.

Defendants moved to strike out the amended petition on the ground that it was a departure from the original one. The court sustained the motion and struck out the amended petition. This ruling of the court is assigned as error.

The amended petition alleged the same trespass, upon identically the same land, and asked the same relief and none other. The general allegation that the plaintiffs were damaged, without stating in what sum, would not authorize a money judgment for any amount.

Like the original, the amended petition is in one count and asks only for equitable relief. There was no departure. We do not see, however, how the plaintiffs were prejudiced by the action of the court in striking out the amended petition, for it is, in substance, the same as the original and required the same evidence to sustain it, and no more.

2. The answer of defendants was a general denial and the following affirmative allegation:

"That on or about the —— day of October, 1900, the said Louis H. Houck and Mary H. G. Houck, his wife, conveyed to the Standard Oil Well Supply Company, a corporation, all their right, title and interest in and to the timber standing and growing on the land described in plaintiff's petition."

Plaintiff moved to strike out the affirmative defense on the ground, principally, that the allegation of the sale of timber on the land by plaintiffs was subsequent to the commencement of the suit and because it was, in effect, a plea of defect of parties. The court overruled the motion. This ruling is assigned as error by plaintiffs. The affirmative part of the answer, if true, would not defeat plaintiff's right to recover. It would only limit the extent and scope of their recovery; for this purpose the answer was available as a partial defense.

The lands claimed by plaintiffs are known as swamp lands and were donated to the State of Missouri, by act of Congress, September 28, 1850. The lands in question were patented to Stoddard county by the State. In pursuance of an act of the General Assembly, approved October 26, 1857, they were conveyed by Stoddard county to the Cape Girardeau and Bloomfield Macadamized and Gravel Road Company, a corporation, and from the road company by mesne conveyance to Mary Houck, who acquired title June 20, 1882.

The evidence tends to prove that there was a dwelling house on one section of the land, which had been

occupied by tenants of plaintiffs for the past twenty years; that about twenty acres of said land were in cultivation and that the plaintiffs had paid taxes on the land since Mrs. Houck acquired title thereto.

The evidence is that John Patty, one of the defendants, by himself and employees, cut and sold timber from the land for several years prior to the commencement of the suit and continued to cut timber therefrom after the temporary injunction had been issued and served; that John Patty claimed a part of the land and had had a sawmill on it; that the timber he cut was white oak and red oak and was used in manufacturing wagons; that he had never resided on the land.

His claim to the land comes through the other defendants in this way: On September 17, 1879, the sheriff of Stoddard county sold 13,000 acres of swamp land, including the land described in plaintiff's petition, on an execution issued on a judgment which had been rendered against Stoddard county. At this sale John Liles, John Miller and David Hicks were the purchasers and received a sheriff's deed for the land bid in. Afterwards in 1898 Liles conveyed his interest in one-third of the lands to W. A. Price, L. Stewart and C. D. Bailey. Bailey, Stewart and Price subsequently conveyed the southwest quarter and south half of northwest quarter, northwest quarter of northwest quarter, southwest quarter of southeast quarter, of section 30, township 24, range 11, to defendant John Patty.

The deed from Liles to Price and others expressed a consideration of $2,500. Plaintiffs offered to prove that the consideration was fictitious; that no consideration was in fact paid and that the deed was a mere contrivance to shelter the defendants in the trespasses they had committed and intended to commit on the lands. This evidence was excluded by the court.

Defendants offered parol testimony tending to show that since the institution of the suit plaintiffs had conveyed the timber on the lands to a third party. Plain-

tiffs objected to this evidence on the ground that if any such conveyance had been made, the deed was the best evidence thereof. The court overruled this objection. This was palpable error.

The Legislature in 1857 (Laws of 1857, p. 268) authorized the county of Stoddard to convey the lands in question to the Cape Girardeau, etc., company, and, it seems, from what we can gather from the abstracts, the county conveyed the lands in pursuance of that act, to said company. Defendants claimed the conveyance to be void. If void, it is so by reason of some constitutional inhibition on the Legislature to pass the act of 1857. If defendants desired to raise this question they should have done so on the trial by way of objection to the deed as evidence, or in some other appropriate manner and preserved their objections in the record, had the court ruled against them, and thus preserved the constitutional question and, had the judgment been against them, taken the case to the Supreme Court, the only appellate court in the State vested with power to interpret the present and past Constitutions of the State. We shall not consider this feature of the case, but will accept the deed as valid.

The deed being valid, Mrs. Houck was unquestionably the owner of the lands. Her title antedated by several years the pretended title set up by the defendants and, as the evidence tends to show she had been in actual possession of a part of the land by her tenants claiming title to the whole, we can see no obstacle in the way of granting the relief prayed for. If the deeds to Bailey and others from Liles, and from Bailey and others to Patty were mere contrivances to defeat criminal prosecutions for taking the timber from the land, then these deeds would furnish no defense, and we think that plaintiffs should be permitted to show, if they can, that these conveyances were shams.

The court, on the evidence, rendered judgment for the defendants and dismissed plaintiff's bill, from which

action of the court the plaintiffs duly appealed. For the reasons stated herein, we think this judgment is erroneous. It is therefore reversed and the cause remanded. All concur.