## W. D. MATHES, Respondent, v. SWITZER LUMBER COMPANY, Appellant.

### Springfield Court of Appeals, July 28, 1913.

1. **ACTION: Waiver of Tort: Suit on Contract.** A tort may be waived and suit brought on an implied promise to pay, in the nature of assumpsit.

2. **EVIDENCE: Written Instruments: Oral Testimony as to Contents, When.** The contents of a writing that is not proven lost or accounted for cannot be shown by oral testimony.

3. **PRINCIPAL AND AGENT: Conduct and Declarations of Agent Cannot Establish Agency.** The relation of principal and agent

cannot be established by the acts, declarations and conduct of the alleged agent.

4. ——: **Principal's Knowledge and Ratification: Testimony of Agent.** Until the relation of principal and agent is shown by other evidence, the statements and conduct of the alleged agent are incompetent, there being no proof that the principal was cognizant of same and ratified them.

5. ——: **Accepting Agent's Representations of Relation: Risk of.** Where one acts and relies on the word of another, who represents himself to be the agent of a third person, without further investigation of the agent's authority, he does so at his peril.

Appeal from Lawrence County Circuit Court.—*Hon. Carr McNatt*, Judge.

REVERSED AND REMANDED.

*J. A. Potter* and *I. V. McPherson* for appellant.

(1) Plaintiff cannot sue upon contract and recover in tort. Link v. Vaughn, 17 Mo. 585; Clements v. Yates, 69 Mo. 623; Clothers v. Acock, 43 Mo. App. 323; Sumner v. Rogers, 90 Mo. 234; Rosen v. Brodskey, 57 N. Y. S. 99. (2) Agency can never be proven by the acts or declarations of one pretending to be an agent. Craighead v. Wells, 21 Mo. 404; Anderson v. Volmer, 83 Mo. 403; Timber & Iron Co. v. Cooperage Co., 112 Mo. 383; Carsen v. Cummings, 68 Mo. 325. (3) Witnesses were permitted to testify to the contents of the records of the railway company at its station, and to the contents of bills of lading issued by that railroad, and to testify orally to the contents of a printed rule of the railroad company relating to the method of signing and making bills of lading. This was error for the reason that the original records were the best evidence of these facts; they were shown to be in the possession of the railroad company at Galena, Missouri; and it was also shown that plaintiff and his attorney both lived in Galena, Missouri, and no reason

or excuse was given for not producing the original records.  Cozens v. Barrett, 23 Mo. 544; Christian Church v. McGowan, 62 Mo. 279; Chouteau, Harrison & Valle v. Dean, 7 Mo. App. 210; Houck v. Patty, 100 Mo. App. 302; City of St. Louis v. Arnet, 94 Mo. 275; Holland v. McCarty, 24 Mo. App. 82; Tilley v. Talbot, 18 Mo. 416; Street to the Use of Boswell v. Rosenfeld, 35 Mo. 472; Ritchey v. Kinney, 46 Mo. 298; Morton v. Heidorn, 135 Mo. 608; Summers·v. Railroad, 114 Mo. App. 452.  (4)  Plaintiff sued upon an express contract and himself testified that no contract had ever been entered into with the defendant.  There was an entire failure of proof on the cause of action sued on. Clements v. Yeates, 69 Mo. 623; Link v. Vaughan, 17 Mo. 585; Loomis v. Jones, 19 Mo. App. 234; Clothers v. Acock, 43 Mo. App. 323; Sumner v. Rogers, 90 Mo. 324; Edwards v. Albrecht, 42 Mo. App. 501; Boone v. Stever, 66 Mo. 436; Robbins v. Railroad, 34 Mo. App. 609; Burke v. Pence, 206 Mo. 333; Mossop v. Casualty Co., 137 Mo. App. 399; Cole v. Armour, 154 Mo. 350; Houston v. Tyler, 140 Mo. 264.

*G. W. Thornberry* and *W. B. Skinner* for respondent.

(1)  The court properly submitted the question of agency to the jury.  If the evidence adduced to support a claim of agency is undisputed the question of whether it exists or not is one of law for the court. Whenever it is disputed, however, it is one of mixed law and fact for the consideration of the jury, aided by instructions from the court.  1 Am. and Eng. Ency. of Law (2 Ed.), 967; 5 Supplement Am. and Eng. Ency. of Law (2 Ed.), 73; Dover v. Pittsburg Oil Co., 143 Cal. 501; Noble v. Barney, 124 Ga. 960; Swannell v. Byers, 123 Ill. App. 545; Dawson v. Wamble, 111 Mo. App. 532; Brooks v. Jameson, 55 Mo. 506; Rice v. Hoffman, 56 Mo. 434; Hull v. Jones, 69 Mo. 587.  (2)

Appellant complains of the admission of the testimony of Cottrell on the theory that the books and records of the railroad company were the only evidence competent to prove that the appellant, through its agent, shipped the ties in question from Galena, Mo., and signed a bill of lading therefor. The testimony was not based solely on the items or recitals entered in the books and records of the transactions that happened in and around said shipment. It is only where the witness based his knowledge solely on the entries and records written that such testimony is incompetent. The testimony of Cottrell was competent to prove the facts testified to by him in this case. Dawson v. Wombles, 111 Mo. App. 532. (3) Appellant complains that there is a variance between the petition and the proof that the petition is based on a specific contract and proof and recovery was on *quantum meruit.* The petition alleges that plaintiff sold and delivered railroad ties to defendant for which defendant owes plaintiff a certain sum, the evidence shows that plaintiff sold and delivered said ties to defendant. The object of the petition is to apprise the defendant of what proof he is required to meet so that he may meet such proof with counter proof if he desires. In this case the petition fully apprised the defendant of all the proof or evidence offered so fully that it may have prepared to meet all evidence offered, and the only defense offered was that the defendant had never had any dealings with the plaintiff as alleged in the petition or in any other way. Cole v. Armour, 154 Mo. 350-351, and authorities there cited, also all authorities cited by appellant on this point.

FARRINGTON, J.—The plaintiff recovered judgment against the defendant for the sum of $668.40 in a suit instituted in Stone county and afterwards removed on change of venue to Lawrence county. The amount sued for was $677.46, the alleged value

of 1671 railroad crossties.    The answer was a general denial.

The evidence offered on the part of the plaintiff showed that he was the owner of 5000 ties on the railroad right-of-way in the town of Galena, Mo., which he sold to one Wolf, a tie contractor.    Wolf, in turn, sold the 5000 ties to the defendant and received the money therefor from the defendant by draft or check when he made the sale and turned over to the defendant the bill of sale from plaintiff to him.    Wolf then paid the plaintiff.    Some weeks later, a tie inspector, whose name, age, size, and appearance seem to be unknown to anyone taking part in the trial, according to the record, came to Galena and inspected the 5000 ties.    These ties—which were sold by the plaintiff to Wolf and by Wolf to the defendant—were loaded by Wolf's men at the time the unknown inspector was in Galena.    But plaintiff claims that at the time these ties were loaded on the cars, the men continued to load ties belonging to the plaintiff to the number of 1671; he testified that when he saw them loading these additional ties he went to the unknown inspector and talked about stopping the men as he had not received any pay for them, but that the unknown inspector said the Switzer Lumber Company was good for them. On this assurance, without any contract as to the value or price, and evidently believing the unknown inspector, the plaintiff allowed the 1671 ties to be loaded and shipped away, making no further inquiry and requiring no other evidence of the taking than the assurance of the unknown inspector that the SwitzerLumber Company was good for them.    Some time after this occurred, Wolf disappeared and has not since been heard of by the witnesses who testified in this case; so, also, has the unknown inspector.    The ties were loaded several weeks after May 6, 1909.    After waiting for some time the plaintiff wrote a letter to the Switzer Lumber Company, the defendant herein, demanding

pay for the extra 1671 ties which were loaded and shipped at the same time the 5000 ties went out. In reply, the defendant on October 7, 1909, wrote a letter to the plaintiff which was introduced in evidence by the plaintiff, and which reads as follows:

"Kansas City, Mo., October 7, 1909.
"W. D. Mathes,
"Galena, Mo.
"Dear Sir:—

"Your letter of the 6th is received. It is not clear to me what you are writing about; the only record I have of any transaction with you is a bill of sale signed by you on May 6th, covering 5000 6 X 8 inch ties— 4650 No. at 38c, and 350 No. 2 at 18c, total, $1830, receipt of which amount you acknowledged in that bill of sale. These ties were then delivered to this company by Mr. E. G. Wolf under his bill of sale to us, and we shipped the ties out. The above is all the information I have regarding any ties bought from you. Your letter is the first news I have had that there was any dispute, but if it refers to the ties above mentioned I do not see that this company has any interest in the matter.

"Yours truly,
"L. B. Moses, Northern Sales Agent.
"Copy to Mr. E. G. Wolf, Springfield, Mo., with copy of Mathes' letter."

Plaintiff offered testimony to show the acts, declarations and conduct of the unknown inspector in order to prove that he was an agent of the defendant. Plaintiff also offered evidence, which was admitted by the trial court, to show that the shipper or his agent, under the rule of the railroad company, must sign before the railroad company will bill the cars out, and that this unknown inspector signed the name of the Switzer Lumber Company and took the numbers of the cars, and that the ties were shipped. The plaintiff testified that the ties were billed out to the Great

Western Railroad Company. The railroad agent testified that it is the custom of railroad companies that buy ties to send their inspector at the time the ties are loaded for the purpose of making an inspection. No offer of the bills of lading was made by the plaintiff, nor was there any showing that plaintiff was unable to procure the originals or copies of the bills of lading in these shipments. Neither was the printed rule of the railroad company, which the railroad agent testified to with reference to the shipper or his agent signing, offered by the plaintiff, nor was there a showing made that plaintiff was unable to procure the printed rule for use as evidence. There was no evidence offered to show that the defendant knew the unknown inspector was representing it on this or any other occasion, before or after; it was the first dealing plaintiff ever had with the alleged agent or with the defendant.

The appellant complains, first, that the plaintiff, having brought suit on the theory of a sale of the ties, could not maintain it on proof of a conversion. This contention is overruled on the principle of law that a tort may be waived and suit brought on an implied promise to pay, in the nature of assumpsit. [Floyd v. Wiley, 1 Mo. 430; Gordon v. Bruner, 49 Mo. 570; Crane v. Murray, 106 Mo. App. 697, 80 S. W. 280; Bliss on Code Pleading, sec. 155.]

Appellant assigns as error the action of the trial court in permitting the contents of the bills of lading to be shown by the oral testimony of the man who was the agent of the railroad company at the time the cars are alleged to have been shipped out, and also the action of the trial court in permitting this agent to testify concerning the contents of the printed rule of the railroad company to the effect that the company requires the shipper or his agent to sign before the cars are shipped.

This contention is well made for the reason that there is no showing whatever that the bills of lading

and the printed rule of the railroad company were lost or that it was beyond the power of the plaintiff to produce them; in fact, there is nothing in the record to show any effort on the part of the plaintiff to obtain them for use at the trial. The contents of a writing that is unaccounted for cannot be shown by oral testimony. [Morton v. Heidorn, 135 Mo. 609, 37 S. W. 504; City of St. Louis v. Arnot, 94 Mo. 275, 7 S. W. 15; Merrill Chemical Co. v. Nickells, 66 Mo. App. l. c. 692; Houck v. Patty, 100 Mo. App. 302, 73 S. W. 389.]

Appellant insists that there is no competent evidence in this record showing that the unknown inspector was its agent, or that there was anyone representing it at the time the shipment was made who could bind it for the 1671 ties, or that it ever received the 1671 ties or any proceeds or benefits from them, or that it in any way ratified the acts of the person or persons who converted these ties that belonged to the plaintiff.

All the testimony concerning the acts, declarations and conduct of the unknown inspector was properly objected to and was incompetent until some outside proof of the agency should be heard. The law is well settled that the relation of principal and agent cannot be established by the acts, declarations and conduct of the alleged agent, and until the relation is shown by other evidence, the statements, declarations and conduct of the alleged agent are wholly incompetent when there is no proof that the alleged principal was cognizant of the same or there is a failure of proof of any ratification of the alleged principal. [The Salmon Falls Bank v. Leyser, 116 Mo. 51, 68, 22 S. W. 504; Carp v. Queen Insurance Co., 203 Mo. l. c. 333, 334, 101 S. W. 78; The Waverly Timber & Iron Co. v. The St. Louis Cooperage Co., 112 Mo. 383, 20 S. W. 566.]

Respondent relies on the letter of the appellant of October 7, 1909, which respondent introduced in evi-

dence, to show that appellant shipped the ties out of Galena. From the expression in the letter—"and we shipped the ties out"—respondent argues that the unknown inspector was appellant's agent. This portion of the letter, standing alone, might be said to support respondent's argument, but the letter as a whole shows that appellant referred merely to the 5000 ties which it had purchased from Wolf, and denied any knowledge of or connection with any other tie transaction in which the respondent was in any way concerned. There is nothing in this letter that would show that appellant had a man on the ground at Galena at the time the 5000 ties were shipped. And even if it were conceded that the unknown inspector was the inspector of the appellant, there is no evidence whatever to show that he had any authority to bind the appellant on the transaction the respondent is seeking to establish against it. If the unknown inspector was sent to Galena to inspect the 5000 ties, it could not be said to be within the scope of his employment or within the realm of his agency to purchase or convert other ties for the appellant. Where one acts and relies on the word of another who is representing himself to be an agent of a third party, without further investigation or confirmation of the supposed agent's authority, he does so at his peril; and unless respondent can show by competent evidence that the unknown inspector was the representative of. the appellant, or that the appellant accepted the fruits and benefits of the acts of the supposed agent and thereby ratified the unauthorized act of agency, he has not made a prima facie case which would entitle him to have the jury pass on the issues made by the pleadings. [31 Cyc. 1322, 1323, and notes.]

It is shown that a copy of the letter written by the appellant to the respondent on October 7, 1909, together with a copy of the letter which appellant had previously received from respondent, was sent by

appellant to Wolf; but this in no way shows that Wolf was appellant's agent. The natural and probable course for appellant to pursue, having purchased the 5000 ties from Wolf and afterwards being informed that some ties.had been converted belonging to the man from whom the 5000 were purchased by Wolf, and it appearing that this man was charging appellant with the wrongful taking, would be for appellant to immediately convey the full particulars to its vendor.

The record wholly fails to establish an agency or ratification. Entertaining this view, we must hold that the trial court erred in admitting the testimony herein alluded to, and in refusing to give defendant's peremptory instruction. The judgment is reversed and the cause remanded for a new trial.   All concur.