CLYDE CARSON, Respondent, v. EVERETT D. HUNKINS, Appellant.

St. Louis Court of Appeals. Opinion Filed May 2, 1922.

1. **PRINCIPAL AND AGENT:** Conversion: Authority of Agent to Sell Personal Property: Burden of Proof. In an action for the conversion of an automobile, where defendant in his answer admit-

ted that the plaintiff was the owner of the machine but alleged that
he purchased the car from plaintiff through his agent, the burden
was upon the defendant to prove that the agent was authorized by
the plaintiff to make the sale.

ON MOTION FOR REHEARING.

2. ———: ———: ———: May be Implied. Authority to sell person-
al property need not be conferred in any particular manner; it may
be expressly conferred or implied from circumstances, but where the
authority is deduced from circumstances, the circumstances must
be such as fairly to warrant the inference of the authority to sell.

3. ———: ———: ———: Authority to Negotiate Trade: Not Im-
plied Agency to Sell. Where one has usually or frequently employed
another to do certain acts for him, or has usually ratified such acts
when done by him, such person becomes his agent, but the fact
that a person employs another to do a specific act for him at a
particular time raises no presumption that the person so employed
has authority to do a similar act at a different time, nor will author-
ity to negotiate for the trade of property to one person at one
time on certain terms, the transfer to be made by the principal in
person, be any evidence of authority to sell and transfer the same
property at some future time to another person on different terms.

4. ———: ———: ———: Evidence: Previous Negotiations for Trade:
Authority to Sell Not Implied. The authority of plaintiff's chauffeur
to sell plaintiff's automobile to defendant at his own terms can-
not be presumed from the fact that he had previously in a par-
ticular instance in plaintiff's presence negotiated for a trade of
the automobile for another car to a third person.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*Bryan, Williams & Cave* for appellant.

The court erred in giving the peremptory instruc-
tion in behalf of the plaintiff. (a) Although the dis-
puted territory is very narrow, where there is room for
different conclusions to be reached thereon by fair and
impartial men, the case should be submitted to the jury.
McCall v. Atchley, 194 S. W. 714; State ex rel. v. Ellison,

226 S. W. 577; Davis v. Springfield Hospital, 218 S. W. 697; Fiester v. Drozda, 185 S. W. 748; Harris v. Millikan, 208 S. W. 633; Gannon v. Gas Company, 145 Mo. 502. This last case is an old and oft-cited case on this point and this question is fully discussed therein.

*Clarence T. Case* and *David W. Voyles* for respondent.

(1) The burden of proving agency is upon him who asserts it. Matlock v. Paregoy, 188 Mo. App. 95; Wade v. Boone, 184 Mo. App. 88; Mathes v. Lumber Co., 173 Mo. App. 239. (2) It is the duty of a person contracting with an agent to inquire as to the agent's authority. Fischer v. Chouteau, 10 Mo. App. 579; Koch v. Branch, 44 Mo. 542. (3) The fact that one acted in good faith, and in ignorance of who was the actual owner of the property when he bought it, is not a defense to an action for conversion. Koch v. Branch, 44 Mo. 542; Vansandt v. Hobbs, 84 Mo. App. 628.

BRUERE, C.—This is an action of trover for the conversion of an automobile. Plaintiff had judgment below and defendant appeals.

The petition contains the usual allegations in actions of this kind. The answer is a general denial coupled with an affirmative plea, which reads thus:

"And further answering, and by way of defense, this defendant says that he purchased an automobile from one Green for the price and sum of $125, and that said automobile was delivered to him, and he paid the said amount of money therefor to the said Green; that said Green was the chauffeur in the employ of the plaintiff Clyde Carson and was the duly authorized agent vested with full power and authority to effect a valid sale of the said automobile, and that said Green sold said automobile to this defendant as the agent of and under the full authority of the plaintiff Clyde Carson, and, therefore, plaintiff has no right, title or interest in

or to said automobile; and having fully answered, defendant prays that he may go hence with his costs in this behalf expended.''

Plaintiff's reply was a general denial. At the close of all the evidence in the case the court gave to the jury the following peremptory instruction:

''The court instructs the jury that you shall find a verdict in this case in favor of the plaintiff Carson and against the defendant E. D. Hunkins in such sum as you may find from the evidence is the reasonable market value of the automobile in question at the time of the sale to Hunkins.''

The sole question raised by the appeal is whether or not the trial court erred in giving said instruction.

The question under consideration necessitates a review of the evidence. It appears from plaintiff's testimony that in April, 1918, he was the owner of a certain National six-cylinder roadster automobile, which he kept at the garage of the St. Louis Taxicab Company. On April 9, 1918, plaintiff ascertained that a man by the name of Green, who was employed by plaintiff as his chauffeur, had taken the car away from said garage the day before. He located the car, through the police department, in the possession of the defendant, who operated a garage at Vandeventer and Washington avenues in St. Louis. After identifying the car plaintiff made a demand for it upon defendant and was told by him that he had purchased the car from Green for one hundred and twenty-five dollars. The car at the time was somewhat dismantled and the defendant requested plaintiff to come back the next day and he would then deliver the car to him. Plaintiff did so, and finding that the car was gone inquired of defendant where it was, and was told by him that he would have a ''hell of a time'' finding it.

The evidence on the part of the plaintiff tended to show that the reasonable market value of the car was fifteen hundred dollars. The chauffeur Green disappeared after he sold the car and his whereabout was not

known at the time of the trial. Plaintiff never regained possession of the car, and brought this suit in conversion.

The defendant in his own behalf testified that Green had brought the car to his place of business and had left it there for storage; that Green told him he was allowed to sell it; that he did not ask him who the owner was but judged from the time Green had had it that he evidently was, and made no further inquiry about the car; that he bought the car from Green for one hundred and twenty-five dollars, which sum he paid him. Defendant further testified that he first met the plaintiff two days after buying the car.

There was evidence, on the part of the defendant, to the effect that plaintiff had on one or two occasions, in the presence of Green, undertaken to sell the car and that Green did some of the talking when said negotiations were being conducted.

Mr. White, a witness for the defendant, testified that the plaintiff and Mr. Green came to his garage one day and that Mr. Green did all the talking; that Mr. Green at that time attempted to get him to take the automobile in question in trade, that he never told witness he was a chauffeur, but simply said that he was a representative of the plaintiff.

There was no testimony to indicate that the defendant was present at any of the above mentioned conversations, nor was there any proof tending to show that plaintiff at any time stated that he had authorized Green to make a sale of the car.

The above was all the evidence in the case in support of defendant's plea that Green was the duly authorized agent of the plaintiff and sold the automobile under authority of the plaintiff to the defendant.

In passing upon the question under consideration we must bear in mind that under the pleadings in this case there is no issue raised as to the ownership of the machine. Defendant in his answer admits that the plaintiff was the owner, but he alleges that he purchased the car from plaintiff through his agent Green.

The burden was upon the defendant to prove that Green was authorized by the plaintiff to make the sale. This was the only issue of fact in the case.

There was no evidence whatsoever of the authority of Green to sell the machine, nor anything from which such authority might be inferred. There was, therefore, no question of fact in the case to be submitted to the jury. The peremptory instruction was properly given. [Janes v. Levee Dist. No. 2, 183 S. W. 699; Renick v. Brooke, 190 S. W. 642; Johannes v. Union Fuel Co., 199 S. W. 1033; Sturdivant Bank v. Houck, 215 S. W. 759; Mathes v. Lumber Co., 173 Mo. App. 246, 158 S. W. 729; Wade v. Boone, 184 Mo. App. 98, 168 S. W. 360; Matlock v. Paregoy, 188 Mo. App. 103, 173 S. W. 8; Knoche v. Whiteman, 86 Mo. App. 573; Johnson v. Hurley, 115 Mo. 519, 22 S. W. 492.]

It follows that the judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.

## ON MOTION FOR REHEARING.

BRUERE, C.—Appellant in his motion for rehearing insists that this court overlooked the real question in this case, to-wit: Was there any evidence from which the jury could have found that plaintiff had authorized Green to sell the automobile to appellant?

We think that the opinion is not open to this criticism. This question, presented in the motion for rehearing, was the only question raised by the appeal and the only question considered in the opinion.

After setting out the evidence, contained in the record herein, the opinion plainly states that there was no evidence whatsoever of the authority of Green to sell

the machine nor anything from which such authority might be inferred.

Appellant in his said motion seriously contends that since there was evidence that Green, in the presence of Carson, on one or two occasions attempted to get a third party to take the machine in question in trade, that this evidence would have "warranted the jury in implying from the conduct of Carson or from the conduct of Green in the presence of Carson that Green was authorized by Carson to sell the automobile."

It is axiomatic in the law of agency that "Authority to sell personal property need not be conferred in any particular manner. It may of course be expressly conferred but it may be also implied from circumstances. Where the authority is deduced from circumstances, the circumstances must be such as fairly to warrant the inference of the authority to sell. . . . The principal must have so acted as to clothe the agent with apparent authority to sell or must have conferred upon him, or permitted him to assume, the apparent *indicia* of ownership." [Mechem on Agency, Vol. 1, sec. 848.]

Where one has usually or frequently employed another to do certain acts for him or has usually ratified such acts when done by him such person becomes his implied agent. But the fact that a person employs another to do a specified act for him at a particular time raises no presumption whatever that the person so employed has authority to do a similar act at a different time.

Nor will authority to negotiate for the trade of property to one person at one time on certain terms, the transfer to be made by the principal in person, be any evidence of authority to sell and transfer the same property at some future time to another person on different terms.

The evidence in this case is that Green, in the presence of Carson, solicited a third party to trade the automobile in question for an electric machine. Green was present to make the trade if one was consumated, but no

trade was made and Green subsequently sold the automobile for cash at terms fixed by him.

We are of the opinion that Green's authority to sell the automobile to appellant at his own terms, cannot be presumed from the fact that he in a particular instance, in Carson's presence, negotiated for a trade of the automobile for another car to a third person.

The Commissioner recommends that the motion for rehearing be overruled.

PER CURIAM.—The foregoing opinion of BRUERE, C., is adopted as the opinion of the court; and the motion for rehearing herein is overruled. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.