# J. B. COLT COMPANY v. E. E. WATSON.

Springfield Court of Appeals, January 29, 1923.,

1. **CORPORATIONS:** Foreign Corporation Held not to be Doing Business in Missouri. Plaintiff, a foreign corporation, *held* not to be doing business in Missouri in violation of Revised Statutes 1919, section 9792, where it had no stock of goods in this State, and the goods it sold in this State were manufactured and kept in other States, and the sales were made through solicitors, who took orders and sent them to the company's home office; its business was interstate commerce.

2. **EVIDENCE:** Held Erroneous to Admit Evidence of Representations Changing Written Contract. In a seller's action on a contract setting out no date of delivery, evidence that plaintiff's agent represented that the goods would be delivered within fifteen or twenty days *held* inadmissible as changing the written contract from one requiring delivery within a reasonable time to one fixing a specified time.

3. **PRINCIPAL AND AGENT:** Evidence Held Incompetent to Show Agency. In a seller's action for the purchase price of goods, held to permit defendant to introduce testimony of depot agent to show that one representing himself as plaintiff's agent bought the goods when sold for storage and reshipped them to plaintiff *held* competent to show such acts, though declaration of plaintiff's agent as to his agency was incompetent to prove such fact because made to a third party.

4. **EVIDENCE:** Parol Testimony as to Letter Written Held Admissible. In an action for the purchase price of goods sold, defendant's testimony that he had written a letter instructing plaintiff not to ship them *held* admissible, though the letter would have been the best evidence, where plaintiff claimed it never received it before the goods were shipped, and defendant testified that he never kept a copy of it.

5. **SALES:** Seller Held not Entitled to Ship and Sue for Price after Receiving Notice of Cancellation. A manufacturer's sales agent, selling a product not shown to have been manufactured specially for the buyer, could not ship it after receiving notice of cancellation

and sue for the contract price, though the contract allowed the seller to deliver material to the common carrier consigned to the buyer if the latter instructed it not to ship, such privilege being merely a provision against cancellation.

Appeal from the Circuit Court of Pemiscot County.— *Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED.

*S. I. Stiles* and *Sam J. Corbett* for appellant.

(1) The effort on the part of the defendant to prove agency by the declarations of the agent to third persons was reversible error. Mathis v. Switzer Lbr. Co., 173 Mo. App. 239, 158 S. W. 729; Carp v. Queen Insurance Co., 203 Mo. App. 333; 101 S. W. 78. (2) Parol evidence is inadmissible to contradict, vary, add to or alter the terms of a written contract. 22 C. J. sec. 1380, page 1070; Tracy v. United Iron Works Co., 104 Mo. 193, 16 S. W. 203. (3) It is error to give contradictory, inconsistent or conflicting instructions. Stevenson v. Hancock, 72 Mo. 612; Edmonston v. Jones, 96 Mo. App. 83, 69 S. W. 641.

*Shepard & Hawkins* for respondent.

FARRINGTON, J.—Trial by jury, verdict and judgment for defendant in a suit brought by the plaintiff for the purchase price of an acetylene generator. Several defenses were set up in the answer: First, a question of fact concerning an acceptance of the contract not involved here. Second, a question of fact concerning whether the plant was delivered in reasonable time; the written contract setting no date of delivery fixed by law the time written, a reasonable time. Third, a charge that plain-

tiff was a foreign corporation doing business in Missouri in violation of section 9792, Revised Statutes 1919. The evidence fails to sustain this defense. On the other hand it shows this plaintiff had no stock of goods in Missouri; that the goods it sold in Missouri were manufactured and kept in other States and the sales were made through solicitors who took orders and sent them in to the company's home office. Its business was interstate commerce. The fourth ground of defense was that at the time the written contract was made, certain oral representations were made by the agent of plaintiff.

The defendant was permitted by the court to show that the agent of the plaintiff represented to him in making this sale that the goods would be delivered within from fifteen to twenty days. This, under the rule of evidence as well established in this State, was a change of the written contract from that of a reasonable time in which to deliver the goods to a specified time. It has been held that this was error in the case of Blake Manfg. Co. v. Jaeger, 81 Mo. App. 239, and Met. Street Railway Co. v. Broderick Rope Co., 182 S. W. 765. [See, also, 22 Corpus Juris, sec. 1382, page 1076, wherein this question is discussed, and the cases cited under the text show that Missouri holds that this evidence is inadmissible because it tends to vary and change the terms of a written contract.]

In addition to the above, error is charged because the defendant was permitted to show by the depot agent that a man by the name of Wilkerson represented himself as an agent of the plaintiff. Of course, the statement made by the agent to third parties was incompetent. [Mathis v. Switzer Lumber Co., 173 Mo. App. 239, 158 S. W. 729; Carp v. Queen Insurance Co., 203 Mo. 333, 101 S. W. 78.] On a retrial, the fact as to whether Wilkerson was the agent of the defendant can probably be shown by competent evidence. In this connection, however, we think that the evidence of the depot agent is competent to show that Wilkerson bought the goods when

sold for storage and had them reshipped to plaintiff company at Chicago, from where the shipment originated.

Error is complained of in permitting the defendant to state that he had written a letter early in October instructing the plaintiff not to ship these goods. While it is true the letter itself would have been the best evidence, in view of the fact that plaintiff claims it never received the letter before the goods were shipped, and defendant testified he kept no copy of it, on that showing the defendant was entitled to so testify.

Defendant's instruction to the effect that if plaintiff received his cancellation prior to the shipment of the goods that plaintiff cannot recover, should have been given, because as stated in the cases of Outcault Ad. Co. v. Caruthersville Plumbing Co., 230 S. W. 340, and Frederick v. Willoughby, 136 Mo. App. 244, 116 S. W. 1109, the seller could not ship after receiving notice of cancellation and thus increase the damages and sue for the contract price.

The evidence shows that the plaintiff here was merely a sales agent for the manufacturing company that made the product sold, and there is no showing that the articles sold were manufactured specially for this defendant. On the other hand, the inference is that it was a regular, standard manufactured article, not made by plaintiff but merely sold by it. In such case, it was the duty of the plaintiff to respect the cancellation and recover any damage that might be occasioned to it by reason of such cancellation and breach on defendant's part. [See Loveland v. Wood, 223 S. W. 756.]

The provision in this contract allowing the plaintiff the privilege of delivering material to the common carrier, consigned to the purchaser, in case the purchaser shall instruct it not to ship the material, is nothing more than a provision against cancellation.

On a retrial, plaintiff should consult the case of Anderson v. White, 235 S. W. 834, before asking instruc-

tion No. 6, which was asked by plaintiff and given in this trial.

On account of the admission of incompetent testimony, the judgment is reversed and the cause remanded. *Cox, P. J.*, and *Bradley, J.*, concur.